**Wayne HERVEY, Plaintiff,**

v.

**METLIFE GENERAL INSURANCE CORPORATION SYSTEM AGENCY OF MISSISSIPPI, INC. and John Schmidt, Defendants.**

**No. 3:00CV939LN.**

United States District Court, S.D. Mississippi, Jackson Division.

March 15, 2001.

**518**

Steve Mark Wann, Christina L. Carroll, Maxey, Wann, Fyke & Hawkins, PLLC, Jackson, MS, for Plaintiff.

Paula Graves Ardelean, Paul A. Hurst, Butler, Snow, O'Mara, Stevens & Cannada, Jackson, MS, David M. Ellis, Hughes & Luce, LLP, Dallas, TX, for Defendants.

*MEMORANDUM OPINION AND ORDER*

TOM S. LEE, Chief Judge.

Plaintiff Wayne Hervey filed this lawsuit against defendants MetLife General Insurance Corporation System Agency of Mississippi, Inc. and John Schmidt on December 7, 2000 alleging race discrimination claims against defendants under Title VII, 42 U.S.C. § 2000e *et seq.*, and 42 U.S.C. § 1981, along with a state law claim for intentional infliction of emotional distress. Following service of the complaint, defendants moved to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Therein, defendant MetLife General Insurance Corporation System Agency of Mississippi, Inc. sought dismissal of all plaintiff's claims against it on the basis that it was not the plaintiff's employer, and that instead, he was employed by Metropolitan Life Insurance Company. In response to that aspect of defendants' motion, plaintiff moved to

amend his complaint to name the correct defendant. That motion was granted and accordingly, MetLife's motion to dismiss is now moot.

Defendant Schmidt has moved to dismiss plaintiff's Title VII claim against him on the basis that he was not plaintiff's "employer". That aspect of the motion is well taken and will be granted.

■ Schmidt has also moved to dismiss plaintiff's § 1981 and intentional infliction of emotional distress claims on the basis that both are time-barred. The court concludes that the motion is well taken as to the state law claim, but not as to the § 1981 claim, which in the court's opinion is governed by a three-year, rather than one-year limitations period. *See Kozam v. Emerson Elec. Co.,* 711 F.Supp. 313 (N.D.Miss.1989) (Miss.Code Ann. § 15–1–49 three-year limitations period applies to § 1981 actions).[1]

■ With respect to Schmidt's contention that plaintiff's intentional infliction of emotional distress claim is barred by the one-year statute of limitations in Miss. Code Ann. § 15–1–35, plaintiff argues that this tort is not governed by Miss.Code Ann. § 15–1–35, but rather by the three-year limitations period of Miss.Code Ann. § 15–1–49. Having considered the parties' arguments on the subject and having reviewed pertinent authorities, the court concludes that plaintiff's claim is indeed time-barred. *See Air Comfort Systems, Inc. v. Honeywell, Inc.,* 760 So.2d 43, 47 (Miss.Ct. App.2000) (applying one-year statute to intentional infliction of emotional distress claim);[2] *see also Guthrie v. J.C. Penney*

1. It may be that Schmidt has implicitly conceded this point, as the rebuttal brief submitted on behalf of both named defendants does not mention this particular issue and instead urges dismissal of the § 1981 claim against

MetLife on the basis that it was not plaintiff's employer.

2. The court recognizes that the Mississippi Supreme Court stated in *Norman v. Bucklew,*

*Co.,* 803 F.2d 202 (5th Cir.1986); *Disney v. Horton,* 2000 WL 1089930, at *2 (N.D.Miss. July 14, 2000) ("The statute of limitations for the intentional infliction of emotional distress claim is one year."); *Smith v. Luther,* 973 F.Supp. 601, 607 (N.D.Miss.1997) ("It is clear that the claim of intentional infliction of emotional distress is barred by the one-year statute of limitations.").

Based on the foregoing, it is ordered that defendants' motion is granted in part and denied in part, as set forth herein.

684 So.2d 1246 (Miss.1996), that "[t]he negligence and intentional and/or negligent infliction of emotional distress claims are governed by the three-year statute of limitations." *Id.* at 1256. However, as other courts have implicitly recognized, the court in *Norman* did not distinguish between the negligent and intentional infliction of emotional distress torts and instead lumped both together into the category of claims for "emotional distress" damages. In *Air Comfort Systems, Inc. v. Honeywell, Inc.,* 760 So.2d 43, 47 (Miss.Ct. App.2000), decided several years after *Norman,* the Mississippi Court of Appeals cited *Norman* for the proposition that the three-year limitations period applies to claims for negligent infliction of emotional distress, but held that the one-year claim statute applies to claims for intentional infliction of emotional distress. *Id.* at 47; *see also Disney,* 2000 WL 1089930, at *2.*