# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2024-FC-00419-SCT

*MARK P. JOHNSON*

*v.*

*GEORGE MILLER, SR., INDIVIDUAL CAPACITY;*
*DONALD MITCHELL, INDIVIDUAL CAPACITY;*
*AND CLARKSDALE PUBLIC UTILITIES*
*COMMISSION*


ATTORNEY FOR APPELLANT:      JOEL FRANK DILLARD
ATTORNEYS FOR APPELLEES:     LATOYA CHEREE MERRITT
                                    LODEN PHILIPS WALKER
NATURE OF THE CASE:           CIVIL - FEDERALLY CERTIFIED
                                    QUESTION
DISPOSITION:                    CERTIFIED QUESTION ANSWERED -
                                    11/21/2024
MOTION FOR REHEARING FILED:

**BEFORE KING, P.J., COLEMAN AND BEAM, JJ.**

**BEAM, JUSTICE, FOR THE COURT:**

¶1. The United States Court of Appeals for the Fifth Circuit has certified a question to this Court "concern[ing] the procedural interplay between two Mississippi statutes—the Mississippi Tort Claims Act (MTCA) and the Mississippi Whistleblower Protection Act (MWPA)." ***Johnson v. Miller***, 98 F.4th 580, 582 (5th Cir. 2024).

¶2. The question certified is as follows: "When a plaintiff brings a claim against the government and its employees for tortious conduct under the MWPA, is that claim subject to the procedural requirements of the MTCA?" ***Id.***

¶3. In other words, does the MTCA's statute of limitations and notice requirements apply to the MWPA given that the MWPA is silent to both? We conclude that they do not.

## BACKGROUND

¶4. Briefly, Mark Johnson sued the Clarksdale Public Utilities Authority (CPU) and its members in federal district court on September 22, 2021. *Id.* He alleged that he was fired from his position as general manager of the CPU on September 25, 2018, for reporting inefficiency and incompetence to the state auditor. *Id.* The initial complaint asserted MWPA retaliation. Johnson later amended the complaint to include First Amendment retaliation and breach of contract. *Id.*

¶5. The defendants thereafter moved for a judgment on the pleadings, which the district court granted in full. *Id.* at 583. Concluding that the MTCA applies to the MWPA, the district court held that Johnson failed to comply with the MTCA's notice requirements and that the MWPA claim was barred under the MTCA's one-year statute of limitations. *Id.*

¶6. The district court also held that Johnson's First Amendment retaliation and breach-of-contract claims were time barred because the three-year statute of limitations for these claims "ran on September 25, 2021, after Johnson filed his first complaint but before he amended to add these claims—and neither claim relates back." *Id.*

¶7. On appeal to the Fifth Circuit, the

> Defendants contend that the MTCA applies to the MWPA. In support of their argument, they point to [the MTCA's] broad application—the MTCA makes Defendants "immune from suit at law or in equity on account of any wrongful or tortious act or omission or breach of implied term or condition of any warranty or contract." They also argue that it only provides a limited immunity waiver "from claims for money damages arising out of the torts of

2

such governmental entities and the torts of their employees while acting within the course and scope of their employment." Finally, they emphasize that the MTCA states that "[t]he remedy provided by this chapter against a governmental entity or its employee is *exclusive* of any other civil action or civil proceeding." Based on these features, Defendants reason that a MWPA plaintiff must comply with the MTCA procedural requirements in order to pursue a claim against a governmental entity and its employee.

*Id.* at 584 (second alteration in original) (footnotes omitted) (citations omitted).

Johnson counters that the MWPA is "an additional and separate right to monetary relief against the government over and above all rights in other laws, including the MTCA." He argues that this is so because the MWPA is a distinct cause of action; it is the more specific statute; it specifically incorporates one part of the MTCA, so it excludes the remainder; it is in irreconcilable conflict with the MTCA; and the MTCA doesn't apply to later-passed, specific statutory claims like the MWPA. As to the nature of the conflict between the two statutes, Johnson argues that because the MTCA provides discretionary function immunity, it would foreclose all wrongful termination claims under the MWPA because the decision to fire an employee is discretionary, even if the discretion has been abused. Because of the MWPA's characteristics and its alleged conflict with the MTCA, Johnson asserts that a MWPA plaintiff does not have to abide by the MTCA procedural requirements to pursue a claim against a governmental entity and its employees.

*Id.* at 584-85 (footnote omitted) (citations omitted).

¶8. According to the Fifth Circuit, no Mississippi appellate court has addressed the applicability of the MTCA to the MWPA. *Id.* at 585. Little case law exists concerning the MWPA itself. *Id.* And most cases involving MWPA claims have been brought in federal court and concerned whether an element of a MWPA claim had been satisfied. None, though, addressed the procedural interplay, if any, between the MWPA and the MTCA. *Id.*

¶9. The Fifth Circuit submits that "[w]hether the MTCA applies to the MWPA claim must be resolved before we can determine whether there was a timely filed claim in the initial

3

complaint. Only then can we address whether the First Amendment retaliation and breach-of-contract claims relate back." *Id.* at 586.

**DISCUSSION**

¶10. The MWPA was enacted by the Mississippi Legislature in 1991 and codified at Mississippi Code Sections 25-9-171 to -177 (Rev. 2024). The MWPA prohibits a governmental employer from taking any "reprisal or retaliatory action"[1] against a governmental employee (whistleblower) "who in good faith reports an alleged improper governmental action to a state investigative body, initiating an investigation." Miss. Code Ann. §§ 25-9-171(j) (Rev. 2024).

¶11. A whistleblower who is "subjected to workplace reprisal or retaliatory action, is entitled to the remedies provided under Section 25-9-175." § 25-9-173. Mississippi Code Section 25-9-175 states:

> Any agency which violates the provisions of Section 25-9-173 shall be liable to the public employee for back pay and reinstatement. In addition, an employee whose employment is suspended or terminated or who is subjected to adverse personnel action in violation of Section 25-9-173 is entitled to sue for injunctive relief, compensatory damages, court costs and reasonable attorney's fees; provided, however, that an employee may not recover an amount that exceeds the limitations provided in Section 11-46-15. Additionally, each member of any agency's governing board or authority may be found individually liable for a civil fine of up to Ten Thousand Dollars ($10,000.00) for each violation of Section 25-9-173. In any instance where the agency in violation of Section 25-9-173 has no governing board or authority, the agency's executive director may be found individually liable for a civil fine not to exceed Ten Thousand Dollars ($10,000.00). If the court determines that

---

[1] Such action includes but is not limited to: unwarranted letters of reprimand or unsatisfactory performance evaluations, demotion, reduction in pay, denial of promotion, suspension, dismissal, or denial of employment. Miss. Code Ann. § 25-9-173(2)(a)-(g) (Rev. 2024) (internal quotation marks omitted).

4

any action filed under this section by an employee is frivolous and unwarrantable, the court may award to the employer court costs and reasonable expenses, including attorney's fees, incurred in defense of actions brought by the employee under this section.

Miss. Code Ann. § 25-9-175 (Rev. 2024).

¶12.    Lastly, Mississippi Code Section 25-9-177 states:

Actions to recover civil fines and other remedies provided for under Section 25-9-175 may be instituted in the Circuit Court for the First Judicial District of Hinds County or in the circuit court of the public employee's residence. In such actions, the public employee shall prove by a preponderance of the evidence that, but for his providing information or testimony to a state investigative body prior to occurrence of the dismissal or any adverse action, his dismissal or any adverse action taken against him would not have occurred. Remedies provided for herein shall be supplemental to any other remedies, judicial or administrative, provided for under law. Any administrative remedies provided for state-service employees under Sections 25-9-127 through 25-9-131, Mississippi Code of 1972, or any remedies under a grievance or appeal process of the employing governmental entity relating to suspension or termination of employment or adverse personnel action, shall not be exhausted or diminished as a result of any action taken by the employee under Sections 25-9-175 and this section, and the employee shall be required to exhaust such remedies prior to instituting an action authorized under Sections 25-9-175 and this section.

Miss. Code Ann. § 25-9-177 (Rev. 2024).

¶13.    As the Fifth Circuit points out, the MWPA does not contain a notice requirement or a statute of limitations. *Johnson*, 984 F.4th at 584. And the only reference to the MTCA is in Section 25-9-175, which says that a whistleblower "who is subjected to adverse personnel action in violation of Section 25-9-173 is entitled to sue for injunctive relief, compensatory damages, court costs and reasonable attorney's fees; provided, however, that an employee may not recover an amount that exceeds the limitations provided in Section 11-46-15." § 25-9-175. Mississippi Code Section 11-46-15, within the MTCA, limits the total amount

5

damages, costs and any attorneys' fees to the maximum dollar amount provided in that section. Miss. Code Ann. § 11-46-15 (Rev. 2019).

¶14. This Court has said that the MTCA provides the exclusive remedy against a governmental entity or its employee(s) for the act or omission that gave rise to the suit. *City of Jackson v. Sutton*, 797 So. 2d 977, 979-81 (Miss. 2001) (quoting *Lang v. Bay St. Louis/Waveland Sch. Dist.*, 764 So. 2d 1234 (Miss. 1999)); *see also* Miss. Code Ann. § 11-46-7(1) (Rev. 2019). "The intent of the MTCA is to provide immunity from suit to the state and its political subdivisions; however, the MTCA waives immunity for claims for money damages arising out of the torts of government entities and employees *while acting within the course and scope of their employment* to the extent set forth in the MTCA." *Covington Cnty. Sch. Dist. v. Magee*, 29 So. 3d 1, 4 (Miss. 2010) (emphasis added) (citing Miss. Code Ann. §§ 11-46-3(1), -5(1) (Rev. 2002)).

¶15. The MTCA though "does not apply to all claims against governmental entities." *Zumwalt v. Jones Cnty. Bd. of Supervisors*, 19 So. 3d 672, 688 (Miss. 2009). The MTCA specifically excludes certain intentional torts from its waiver of immunity. Mississippi Code Section 11-46-5 (Supp. 2024) provides that torts constituting fraud, malice, libel, slander, defamation, or any criminal offense other than traffic violations are not within the course and scope of employment. "[A]ny legal action against a governmental employee for these intentional torts must necessarily proceed against him or her as an individual." *Zumwalt*, 19 So. 3d at 688. An agency, or governmental entity, cannot be held liable for such conduct of one of its officers. *Univ. of Miss. Med. Ctr. v. Oliver*, 235 So. 3d 75, 83 (Miss. 2017).

¶16. This is not so with the MWPA. An agency can be held liable for misconduct proscribed by the MWPA. And when one of its officers or employees engages in such misconduct, the officer or employer was not acting within the course and scope of their employment.

¶17. In our opinion, the MWPA is a remedial statute that is separate from the MTCA. That the MWPA refers to the MTCA's damages cap is not enough to say that this also incorporates the MTCA's statute of limitations and notice requirements.

¶18. The MWPA does not prescribe a statute of limitations. Thus, consistent with this Court's opinion in *GEICO Casualty Co. v. Stapleton*, 315 So. 3d 464, 468 (Miss. 2021), Mississippi Code Section 15-1-49(1) applies. "All actions for which no other period of limitation is prescribed shall be commenced with three (3) years after the cause of action accrued, and not after." Miss. Code Ann. § 15-1-49 (Rev. 2019). *Stapleton* clarified that, "[p]er the Legislature's own language, Sections 15-1-35 through -47 specify 'the subject of things upon which it is to operate' and should be 'construed as excluding from its effect all those not expressly mentioned.'" *Stapleton*, 315 So. 3d at 468 (quoting *Jones v. Fluor Daniel Servs. Corp.*, 32 So. 3d 417, 419 (Miss. 2010)).[2]

¶19. Nor does the MWPA specify a notice requirement. It only states that

___

[2] *Stapleton* overruled *Jones*, 32 So. 3d at 422-23, which had held that the claim of intentional infliction of emotional distress has a one-year of limitations because it falls within the general category of intentional torts. *Stapleton* instead held that under the plain language of Mississippi Code Section 15-1-35 (Rev. 2019), only the causes of action expressly enumerated in that section have a one-year statute of limitations. *Stapleton*, 315 So. 3d at 468.

Any administrative remedies provided for state-service employees under Sections 25-9-127 through 25-9-131, Mississippi Code of 1972, or any remedies under a grievance or appeal process of the employing governmental entity relating to suspension or termination of employment or adverse personnel action, shall not be exhausted or diminished as a result of any action taken by the employee under Sections 25-9-175 and this section, and the employee shall be required to exhaust such remedies prior to instituting an action authorized under Sections 25-9-175 and this section.

§ 25-9-177. This is all that is required before instituting a MWPA claim.

¶20. Therefore, we conclude that a MWPA claim is not subject to the MTCA's statute of limitations and notice requirements.

¶21. **CERTIFIED QUESTION ANSWERED.**

**RANDOLPH, C.J., KITCHENS AND KING, P.JJ., COLEMAN, MAXWELL, CHAMBERLIN, ISHEE AND GRIFFIS, JJ., CONCUR.**