738 So.2d 262 (1999)
Sara BROWN, Appellant,
v.
INTER-CITY FEDERAL BANK FOR SAVINGS, Appellee.
No. 97-CA-00868 COA.
Court of Appeals of Mississippi.
January 26, 1999.
Rehearing Denied April 20, 1999.
Certiorari Denied July 1, 1999.
*263 Victor I. Fleitas, Tupelo, Attorney for Appellant.
Taylor B. Smith, Columbus, Attorney for Appellee.
BEFORE THOMAS, P.J., DIAZ and SOUTHWICK, JJ.
DIAZ, J., for the Court:
¶ 1. Sara Brown appeals the lower court's grant of summary judgment in favor of the appellee, Inter-City Federal Bank for Savings. She argues that the circuit court erred in determining there were no genuine issues of material fact with regard to (1) the breach of her employment contract and (2) her intentional infliction of emotional distress claim. Finding no merit in these assignments of error, we affirm the judgment of the lower court.

FACTS
¶ 2. Sara Brown began her employment with Inter-City Federal Bank for Savings (hereinafter "Inter-City") in 1972 or 1973. She was promoted to loan officer in 1987 and became branch manager in 1993. During this period of time, Brown reported directly to the bank president, Terry Woods. According to Brown, Woods periodically asked her how old she was and when she was going to retire. He would often remark that the bank needed young people. Brown also maintains that Woods removed her from the main office location in 1993 because he claimed he needed a man to help him. In 1995, Woods terminated Brown's employment with the bank.
¶ 3. On October 27, 1995, Brown filed a complaint in the Circuit Court of Winston County, alleging intentional infliction of emotional distress and violations of the bank's written personnel policies. Brown also filed a lawsuit in federal court alleging age and sex discrimination. The federal court subsequently dismissed Brown's federal claims and remanded her state law claims to the Winston County Circuit Court. Inter-City then filed its motion for summary judgment. The circuit court granted the motion finding that Brown presented no viable claims against Inter-City. It is from this order that Brown now brings forth her appeal.

DISCUSSION

I. DID THE CIRCUIT COURT ERR IN DISMISSING BROWN'S BREACH OF CONTRACT CLAIM?
¶ 4. Sara Brown claims that her employment with Inter-City was terminated in violation of the bank's personnel manual which provided as follows:
Equal Employment Opportunity
It is the policy of Inter-City Federal Savings Bank to grant equal opportunity to all qualified persons without regard of race, color, age, sex, religion or national origin. To deny one's contributions to our efforts for any reason other than his or her capability of performing the job is an injustice not only to the individual, but to Inter-City as well. It is the intent and desire of Inter-City that equal opportunity be provided in employment, wages, promotion, benefits and all other privileges, terms and conditions of employment.
Probation
Employees are hired on a three (3) month probation, during which the new staff member may evaluate his or her interest in the position and the manager may evaluate the ability of the new employee. At the end of the probation period, a written evaluation will be made of the employee's attitude, ability and capacity to determine whether the employee shall continue.
Dismissal
We believe the fewer rules the better. Therefore, we have a minimum of rules and regulations for your guidance. In most cases, your own good judgment will tell you what is right and what is wrong. Actions outside your normal job responsibilities which could adversely affect *264 Inter-City Federal Savings Bank's relationship with its membership and the business community will be cause for dismissal.
Brown interprets the provisions in the personnel manual as removing her employment from at-will status. She claims that the equal employment language obligated Inter-City to abide by that policy and that the probation and dismissal provisions allowed Inter-City to terminate its employees for cause only.
¶ 5. Brown's appeal to this Court focuses not on her constitutional right to be free from age and sex discrimination but rather on whether or not Inter-City breached its employment contract with her. As such we will examine Brown's contract claim to determine if the trial judge erred in concluding that Brown's employment with Inter-City was subject to the at-will doctrine.
¶ 6. We begin our inquiry by recognizing that Mississippi has followed the employment at-will doctrine since 1858. Coleman v. Mississippi Employment Sec. Comm'n, 662 So.2d 626, 628 (Miss.1995). Where there is either no employment contract or the contract fails to specify the length of the worker's employment, either party may terminate the employment atwill. Perry v. Sears, Roebuck & Co., 508 So.2d 1086, 1088 (Miss.1987). This means that the employee is entitled to quit or the employer is entitled to terminate the employee for a good reason, a wrong reason, or no reason at all. Solomon v. Walgreen, 975 F.2d 1086, 1089 (5th Cir.1992). The Mississippi Supreme Court created an exception to the at-will doctrine in Bobbitt v. Orchard, Ltd., 603 So.2d 356, 361 (Miss. 1992). The court in that case held that when an employer furnishes its employees with a manual which sets forth specific procedures to be followed in reprimanding, suspending, or discharging its employees, then the employer is obligated to follow its own provisions. Id. Our inquiry then must focus on whether or not the terms of the Inter-City manual were specific enough to impose contractual liability upon the bank.
¶ 7. The employment manual in Bobbitt provided an extensive list of minor, major, and intolerable offenses along with procedures to be used in administering disciplinary action, Id. at 359-60, whereas the manual in the present case contained vague provisions governing dismissal. The fact that the dismissal portion of the manual stated that "[a]ctions outside your normal job responsibilities which could adversely affect Inter-City Federal Savings Bank's relationship with its membership and the business community will be cause for dismissal" did not indicate that those acts were the only permissible grounds for termination. Hartle v. Packard Elec., a Div. of General Motors Corp., 626 So.2d 106, 110 (Miss.1993).
¶ 8. Therefore, it is this Court's opinion that Inter-City's personnel manual did not change Brown's status from an atwill employee to one protected by an employment contract. When the indefinite language in the Inter-City personnel manual is compared with the contractual language in Bobbitt, it is clear that the bank's policy was non-binding and did not create a contractual obligation on the part of Inter-City. Accordingly, we find that the circuit court judge committed no error in granting Inter-City's motion for summary judgment.

II. DID THE CIRCUIT COURT ERR IN DISMISSING BROWN'S INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS CLAIM?
¶ 9. Brown next argues that Woods's conduct caused her such anguish that she was entitled to recover damages for intentional infliction of emotional distress. However, in order to prevail, the conduct must have been "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." Pegues v. Emerson Elec. Co., 913 F.Supp. *265 976, 982 (N.D.Miss.1996) (quoting Restatement (Second) of Torts § 46 cmt. d. (1965)). "The liability clearly does not extend to mere insults, indignities, threats, annoyances, petty oppression, or other trivialities." Lawson v. Heidelberg Eastern, 872 F.Supp. 335, 338 (N.D.Miss.1995) (quoting Restatement (Second) of Torts § 46 cmt. d. (1965)). "[I]t is the nature of the act itself-as opposed to the seriousness of the consequences-which gives impetus to legal redress." Pegues, 913 F.Supp. at 982 (quoting Sears, Roebuck & Co. v. Devers, 405 So.2d 898, 902 (Miss.1981)). Furthermore, damages for intentional infliction of emotional distress are usually not recoverable in mere employment disputes. Pegues, 913 F.Supp. at 982. "Only in the most unusual cases does the conduct move out of the `realm of an ordinary employment dispute' into the classification of `extreme and outrageous,' as required for the tort of intentional infliction of emotional distress." Prunty v. Arkansas Freight-ways, Inc., 16 F.3d 649, 654 (5th Cir.1994) (citations omitted).
¶ 10. Although Woods's treatment of Brown may have been upsetting and inappropriate, no reasonable juror could conclude that it rose to the level of "extreme and outrageous." More is required to support an intentional infliction of emotional distress recovery than the usual age discrimination claim. Wilson v. Monarch Paper Co., 939 F.2d 1138, 1144 (5th Cir. 1991). We, therefore, agree with the lower court that Brown's claim could not survive Inter-City's motion for summary judgment. As such, we find no cause to reverse the lower court's order.
¶ 11. THE JUDGMENT OF THE WINSTON COUNTY CIRCUIT COURT IS AFFIRMED. COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
BRIDGES, C.J., and McMILLIN and THOMAS, P.JJ., KING, and SOUTHWICK, JJ., concur.
PAYNE, J., dissenting with separate written opinion, joined by COLEMAN, J.
IRVING and LEE, JJ., not participating.
PAYNE, J., dissenting:
¶ 12. While the strength of Sara's claims against Inter-City may be debatable, I feel that the evidence established issues of material fact that, as a matter of law, should defeat summary judgment. Therefore, I must respectfully dissent from the majority's contrary conclusion.
¶ 13. First, on the issue of summary judgment, our standard of review is wellsettled: "[t]he standard for reviewing the granting or the denying of summary judgment is the same standard as is employed by the trial court under Rule 56(c). This Court conducts de novo review of orders granting or denying summary judgment and looks at all the evidentiary matters before itadmissions in pleadings, answers to interrogatories, depositions, affidavits, etc." Aetna Cas. and Sur. Co. v. Berry, 669 So.2d 56, 70 (Miss.1996)(citing Mantachie Natural Gas v. Miss. Valley Gas Co., 594 So.2d 1170, 1172 (Miss.1992)). The evidence must be viewed in the light most favorable to the party against whom the motion has been made. Russell v. Orr, 700 So.2d 619, 622 (Miss.1997); Northern Elec. Co. v. Phillips, 660 So.2d 1278, 1281 (Miss.1995). The burden of showing that no genuine issue of material fact exists lies with the moving party, and we give the benefit of every reasonable doubt to the party against whom summary judgment is sought. Tucker v. Hinds County, 558 So.2d 869, 872 (Miss.1990). We do not try issues. Rather, we only determine whether there are issues to be tried. Townsend v. Estate of Gilbert, 616 So.2d 333, 335 (Miss.1993). Furthermore, it is well-settled that motions for summary judgment are to be viewed with a skeptical eye, and if a trial court should err, it is better to err on the side of denying the motion. Aetna Cas. and Sur. Co., 669 So.2d at 70 (Miss.1996)(citing Ratliff v. Ratliff 500 *266 So.2d 981, 981 (Miss.1986)). The focal point of our de novo review is on material facts. In defining a "material" fact in the context of summary judgments, the Mississippi Supreme Court has stated that "[t]he presence of fact issues in the record does not per se entitle a party to avoid summary judgment. The court must be convinced that the factual issue is a material one, one that matters in an outcome determinative sense." Simmons v. Thompson Mach. of Miss., 631 So.2d 798, 801 (Miss.1994)(quoting Shaw v. Burchfield, 481 So.2d 247, 252 (Miss.1985))(emphasis added).
¶ 14. Having set forth the appropriate standard of review and with the utmost respect for my majority colleagues, I turn to my assertion that the majority incorrectly determined that summary judgment was appropriate in this case as to both issues presented. First, Mississippi is clearly an employee at-will jurisdiction; however, on at least two occasions in the last 15 years, the Mississippi Supreme Court has expressed its concerns over the harshness of this rule and has noted its interest in identifying a more humane and equitable alternative to the employment at-will rule. See Shaw v. Burchfield, 481 So.2d 247 (Miss.1985); Perry v. Sears, Roebuck & Co., 508 So.2d 1086 (Miss.1987). As the majority references, the Mississippi Supreme Court softened the callousness of the at-will doctrine in Bobbitt v. Orchard, Ltd., which held that the defendant's employee manual providing disciplinary policies obligated the defendant to then follow those policies in carrying out employee discipline, although the manual did not create any right of employment for a definite period of time. 603 So.2d 356 (Miss. 1992). Unlike the majority, I do not believe that the specificity of the Bobbitt employee manual was dispositive in that case. It seems to me that the supreme court's rule in Bobbitt rested on the notion that where an employer chooses to set forth policies for its employees, it must therefore follow its own policies.
¶ 15. In the case sub judice, Inter-City provided an employee manual providing that employment was not contingent on gender or age. Even if the majority's assertion that Bobbitt turned on the employee manual's specificity, then Inter-City's policy about equal opportunity despite gender or age was sufficiently specific. Thus, Sara's assertion that she was terminated for those reasons necessarily creates an issue of material fact that should at least entitle her an opportunity to establish her assertion before a trier of fact in this regard. Sara's deposition testimony outlines several instances where Woods's alleged statements about needing a male to assist him and his inquiries about Sara's age and when she planned to retire, in my view, established material issues sufficient to survive summary judgment. Woods, in his deposition, denied making comments to the effect that he needed a man to assist him. With regard to statements about Sara's age, Woods said any comments he made were not aimed at suggesting that Sara was too old to work at the bank. As to whether Sara was dismissed because of her negative impact on Inter-City's relationship with its membership and the business community, this is clearly a fact question that can only be resolved by a fact finder.
¶ 16. Second, with regard to Sara's claim for intentional infliction of emotional distress, I believe that Woods's alleged actions directed toward Sara and the alleged consequences of those actions created a material issue of fact sufficient to defeat summary judgment. Sara maintains that Woods repeatedly made statements about needing a male to assist him, made inquiries about Sara's age and when she planned to retire, and berated her about the cost of her insurance after her bout with cancer in 1987. Again, Woods denies these allegations; however, his denials of such conduct cannot be accepted as fact any more than Sara's allegations can be similarly accepted. I have no qualms with the current status of the substantive law in *267 Mississippi with regard to intentional infliction of emotional distress claims, and I confess that such claims rarely lie in mere employment disputes. However, the fact remains that issues of material fact existed as to whether Woods's actions toward Sara were of the extreme and outrageous character that would entitle her to relief in this case. Summary judgment was simply inappropriate.
¶ 17. In sum, "[i]ssues of fact sufficient to require denial of a motion for summary judgment obviously are present where one party swears to one version of the matter in issue and another says just the opposite." Ellis v. Powe, 645 So.2d 947, 952 (Miss.1994)(citing Dennis v. Searle, 457 So.2d 941, 944 (Miss.1984)). Sara's deposition testimony outlines several instances where Woods's alleged statements about needing a male to assist him and his inquiries about Sara's age and when she planned to retire, in my view, established material issues sufficient to survive summary judgment. Accordingly, I respectfully dissent.
COLEMAN, J., joins this separate written opinion.