**Willie WASHINGTON Plaintiff**

v.

**BELLSOUTH TELECOMMUNICATIONS, INC. Defendant**

**No. CIV.A. 300CV14WS.**

United States District Court, S.D. Mississippi, Jackson Division.

June 12, 2001.

Willie Washington, Brandon, MS, Pro se.

Joyce W.C.N. Funches, Joyce W.C.N. Funches, Attorney, Jackson, MS, for Plaintiff.

William T. Siler, Jr., Phelps Dunbar, Jackson, MS, Leon H. Lee, Jr., Bellsouth Telecommunications, Atlanta, GA, for Defendants.

## MEMORANDUM OPINION AND ORDER

WINGATE, District Judge.

Before the court is the defendant's motion for summary judgment filed pursuant to Rule 56(b),[1] Federal Rules of Civil Procedure. Plaintiff Willie Washington filed this lawsuit against defendant BellSouth Telecommunications, Inc., ("defendant" or "BellSouth"), alleging that, by failing to promote him to company positions for which he was qualified, BellSouth has violated Title 42 U.S.C. § 1981[2] and Title VII of the Civil Rights Act of 1964 (Title 42 U.S.C. § 2000e, *et seq.*);[3] has breached the collective bargaining agreement between BellSouth and the Communications Workers of America; and either intentionally or negligently has inflicted emotional distress upon him. This court has jurisdiction over plaintiff's claims pursuant to Title 28 U.S.C. § 1331[4] and § 1367(a).[5]

---

1. Rule 56(b), Federal Rules of Civil Procedure, provides that, "[a] party against whom a claim, counterclaim, or cross-claim is asserted or a declaratory judgment is sought may, at any time, move with or without supporting affidavits for a summary judgment in the party's favor as to all or any part thereof."

2. Title 42 U.S.C. § 1981 provides that, "persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as it is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses, and *exactions of everykind,* and to no other."

3. Title 42 U.S.C. § 2000e–2(a) provides in pertinent part that, "[i]t shall be an unlawful employment practice for an employer—(1) to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, or conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin; ..."

4. Title 28 U.S.C. § 1331 provides: "The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."

5. Title 28 U.S.C. § 1367 provides in pertinent part that "in any civil action of which the district courts have original jurisdiction, the

Having reviewed the parties' memoranda of authorities and having heard arguments of counsel, this court is persuaded to grant defendant's motion for summary judgment for the reasons which follow.

## I. FINDINGS OF FACT

### A. Plaintiff's Employment with BellSouth

Plaintiff, an African–American and a Mississippi citizen, works for BellSouth as a Facilities Technician. He was promoted to that position on January 20, 2000, when BellSouth selected him to fill a vacancy it had in that job title. Plaintiff contends in this lawsuit that he should have been promoted to this position earlier, back in October, 1998. In fact, plaintiff complains of having been denied three promotions to Facilities Technician for which he says he was qualified.

Beginning in January, 1998, BellSouth began utilizing an electronic system to advertise openings and solicit applications from current employees. This system, known as "BETSI," which stands for "BST Electronic Transfer System Initiative," replaced a manual system that made use of paper requests or "bids."

BellSouth advised its employees that BETSI was in effect after January 31, 1998. BellSouth sent its employees a twenty-six page information guide, placed articles in company published newsletters, and placed information regarding BETSI and the transition on a company-maintained internet web page.

The promotions at issue were three promotions from Outside Plant Technician to Facilities Technician that BellSouth made to fill three vacancies in that job title. Lauri Dowdy, the BellSouth employee who filled the vacancies, advertised the vacancies between October 6 and October 13, 1998, as required by the collective bargaining agreement in effect between BellSouth and the Communications Workers of America ("CWA"). On October 15, 1998, she printed a candidate list report to begin selecting candidates. Washington's name did not appear on this candidate list, because, as he does not dispute, he did not have a proper bid request pursuant to BETSI on file until November 7, 1998. Plaintiff has produced no evidence that Dowdy was aware of the race of the candidates who had bids on file. Ms. Dowdy selected Robert Coleman, Bruce Thompson and Michael Clopton, all white males, to fill the three positions.

## II. CONCLUSIONS OF LAW

### A. Summary Judgment

Summary judgment is appropriate only if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Hirras v. National R.R. Passenger Corp.*, 95 F.3d 396, 399 (5th Cir.1996) (quoting Fed.R.Civ.P. 56(c)). In ruling on a motion for summary judgment, the court is not to make credibility determinations, weigh evidence, or draw from the facts legitimate inferences for the movant. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 106 S.Ct. 2505, 2511, 91 L.Ed.2d 202 (1986). Rather, "it is the province of the jury to access the probative value of the evidence." *Kennett–Murray Corp. v. Bone*, 622 F.2d 887, 892 (5th Cir.1980). "Summary judgment can be granted only if

district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution."

672

everything in the record demonstrates that no genuine issues of material facts exist." *Id.* It is improper where the court merely believes it is unlikely that the non-moving party will prevail at trial. *National Screen Serv. Corp. v. Poster Exchange, Inc.*, 305 F.2d 647, 651 (5th Cir.1962). However, the facts that are irrelevant or unnecessary to a decision are "non-material" and do not prevent summary judgment. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 106 S.Ct. 2505, 2511, 91 L.Ed.2d 202 (1986); *Phillips Oil Co. v. OKC Corp.*, 812 F.2d 265 (5th Cir.1987).

Summary judgment is mandated in any case where a party fails to establish the existence of an element essential to the case and on which the party has the burden of proof. *Celotex Corporation v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). Thus, Rule 56(c) further requires that the court enter summary judgment if the evidence favoring the non-moving party is not sufficient for the trier of fact to enter a verdict in the non-moving party's favor. *See Anderson*, 477 U.S. at 252, 106 S.Ct. at 2512; *Exxon Corp. v. Burglin*, 4 F.3d 1294, 1297 (5th Cir.1993).

When the moving party has challenged the non-movant's case under Rule 56(c), the opposing party must present more than a metaphysical doubt about the material facts in order to preclude the grant of summary judgment. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986). In response to a motion for summary judgment, the non-moving party is required to respond with specific proof demonstrating a triable issue of fact as to each of the elements required to establish the claim or claims asserted. *Washington v. Armstrong World Indus.*, 839 F.2d 1121, 1122–23 (5th Cir.1988).

## B. Analysis of Race Discrimination Claims

■ The United States Supreme Court in *Texas Department of Community Affairs v. Burdine*, 450 U.S. 248, 101 S.Ct. 1089, 67 L.Ed.2d 207 (1981), expounding on *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973), established a tripartite burden and order of proof structure for employment discrimination cases under Title VII:

First, the plaintiff has the burden of proving by the preponderance of the evidence a prima facie case of discrimination. Second, if the plaintiff succeeds in proving the prima facie case, the burden shifts to the defendant "to articulate some legitimate, nondiscriminatory reason for the employee's rejection." Third, should the defendant carry this burden, the plaintiff must then have an opportunity to prove by a preponderance of the evidence that the legitimate reasons offered by the defendant were not its true reasons, but were a pretext for discrimination.

*Id.*, at 252–53, 101 S.Ct. 1089 (quoting *McDonnell Douglas Corp. v. Green*, 411 U.S. at 802, 93 S.Ct. 1817) (citations omitted). The analysis is the same under both Title VII and § 1981. *See Garcia v. Gloor*, 618 F.2d 264, 271 (5th Cir.1980), *cert. denied*, 449 U.S. 1113, 101 S.Ct. 923, 66 L.Ed.2d 842 (1981).

Direct evidence is "[e]vidence which, if believed, proves the fact of intentional discrimination without inference or presumption." *Portis v. First Nat'l Bank*, 34 F.3d 325, 328 (5th Cir.1994) (quoting *Brown v. East Miss. Elec. Power*, 989 F.2d 858, 861 (5th Cir.1993)).

■ Plaintiff has offered no direct proof of racial discrimination. Plaintiff agrees that the decisions about which plaintiff complains were made by people outside his work group and located in Georgia. He

also admits that he never heard anyone at the office where the decisions at issue were made use any racial slurs or refer to race at all. Thus, this court must conclude that plaintiff has come forward with no direct evidence of racial discrimination.

■ In order to establish a prima facie case of racial discrimination through circumstantial evidence, plaintiff must show that: "(1) he is a member of a protected class; (2) he sought and was qualified for an available employment position; (3) he was rejected for that position; and (4) the employer continued to seek applicants with the Plaintiff's qualifications." *Scales v. Slater*, 181 F.3d 703, 709 (5th Cir.1999).

■ Plaintiff cannot meet element numbers two (2) and three (3). He never properly applied for the positions at issue; hence, he was neither considered, nor rejected. Plaintiff had no proper bid request on file that conformed to the BETSI requirements at the time the positions at issue were offered. Later, when he submitted a proper bid, he was promoted to Facilities Technician on January 20, 2000.

## C. Analysis of Breach of Contract Claim

■ In order to state a claim for breach of a collective bargaining agreement, a plaintiff must allege that the union breached its duty of fair representation by acting in an arbitrary manner. *Vaca v. Sipes*, 386 U.S. 171, 87 S.Ct. 903, 17 L.Ed.2d 842 (1967). Plaintiff has only alleged that his union, the CWA, did not aggressively pursue the grievance. (Complaint ¶ 12). He did not allege that the CWA acted arbitrarily. Moreover, he has not come forward with any evidence that the union acted arbitrarily. The Union cannot be faulted because plaintiff failed to follow the correct procedures for submitting bids for the positions at issue.

## D. Analysis of Emotional Distress Claims

■ Turning to plaintiff's claims of intentional and negligent infliction of emotional distress, the court concludes that defendant is entitled to judgment as a matter of law on this claim as well. Plaintiff has not come forward with any evidence to support these claims. He has failed to show that the defendant wrongfully denied him the promotions at issue.

■ Further, the intentional infliction of emotional distress claim is time-barred. Plaintiff filed his lawsuit on January 7, 2000, and the promotions about which he complains were made in October, 1998. His claim is barred by the one-year statute of limitations for intentional torts found in Miss.Code Ann. § 15–1–35. *King v. Otasco, Inc.*, 861 F.2d 438 (5th Cir.1988); *Guthrie v. J.C. Penney Co.*, 803 F.2d 202 (5th Cir.1986).

Furthermore, the extreme and outrageous behavior necessary to support a claim for emotional distress is not found in an ordinary employment dispute such as the one presented by this case. *Burroughs v. F.F.P. Operating Partners*, 28 F.3d 543 (5th Cir.1994); *Brown v. Inter-City Federal Bank*, 738 So.2d 262, 265 (Miss.Ct.App.1999); *Rosen v. Gulf Shores, Inc.*, 610 So.2d 366 (Miss.1992).

## III. CONCLUSION

None of plaintiff's claims is viable under the evidence. Plaintiff failed to submit a proper bid for the positions at issue. He acknowledges this point. Further, he was under no legal disability which prevented him from doing so. And, he was aware that BETSI had gone into effect. On this set of facts, the defendant is entitled to summary judgment on all of plaintiff's claims.

IT IS, THEREFORE, ORDERED AND ADJUDGED that defendant's motion for summary judgment be granted. This court will enter a separate judgment in accordance with the local rules.