KING, C.J.,
for the Court.
¶ 1. Leo Poindexter filed a complaint against Southern United Fire Insurance Company in the Circuit Court of Lowndes County. On August 27, 2001, the complaint was dismissed with prejudice and Poindexter appealed to the Mississippi Supreme Court. On February 27, 2003, in Poindexter v. Southern Fire Ins. Co., 838 So.2d 964 (Miss.2003), the supreme court held that Southern United’s refusal to recognize responsibility for storage and towing costs was not a denial of “coverage,” but reversed and remanded to allow Poin-dexter leave to amend his complaint pursuant to Mississippi Rules of Civil Procedure Rule 15. The trial judge dismissed Poin-dexter’s amended complaint, and it is from that dismissal that Poindexter appeals, and asserts the following issues, which we quote verbatim:
I. The trial judge erred, as a matter of law, in dismissing Plaintiffs First Amended Complaint alleging that Defendant’s bullying tactics and economic coercion constituted intentional infliction of emotional distress upon Plaintiff.
II. The trial judge erred, as a matter of law, in holding that Plaintiffs Motion to Compel Discovery was moot.
STATEMENT OF FACTS
¶ 2. On June 20, 2000, Leo Poindexter’s vehicle was damaged in a collision with a vehicle driven by Elby Fields. Fields was insured under a policy of automobile liability insurance issued by Southern United Fire Insurance Company (Southern United). At the direction of the investigating officer, Poindexter’s vehicle was towed from the scene of the accident. The vehicle was later determined to be a total loss, and has since been stored at the premises of the tow truck operator. Poindexter refused to accept Southern United’s offer of *375 settlement, because Southern United refused to include the towing or storage expenses incurred as a result of the accident.
¶ 3. On March 8, 2001, Poindexter brought suit against Fields and Southern United to seek compensation for the damages to his vehicle, and a Mississippi Rule of Civil Procedure Rule 57(b)(2) declaratory judgment to determine that his towing and storage expenses were covered under Fields’ liability insurance policy. Poindex-ter also claimed that he was entitled to actual and punitive damages as a result of Southern United’s “bad faith refusal to settle.”
¶ 4. Southern United sought a Rule 12(b)(6) dismissal of the complaint, and Poindexter moved to amend his complaint to aver that Southern United’s “bad faith refusal to settle,” bullying tactics, and economic coercion constituted outrageous conduct which was actionable as intentional infliction of emotional distress.
¶ 5. On August 20, 2001, a preliminary hearing was conducted pursuant to Southern United’s request under Rule 12(d), and the trial judge heard Poindexter’s motion to compel discovery, motion for leave to amend the complaint, and Southern United’s Rule 12(b)(6) motion to dismiss. Po-indexter’s direct claims against Southern United were claims for: (1) a Rule 57(b)(2) declaratory judgment to determine whether the towing and storage fees were covered under the Southern United policy, (2) a claim for “bad faith” refusal to pay towing and storage fees, and (3) a claim for punitive damages. At the hearing, the trial judge dismissed the direct claims against Southern United, but did not dismiss claims Poindexter may have against Fields.
¶ 6. Poindexter appealed this dismissal to the Mississippi Supreme Court in Poindexter v. Southern United Fire Ins. Co., 838 So.2d 964 (Miss.2003). The supreme court affirmed in part and reversed in part. The opinion affirmed the portion of the trial judge’s order dismissing Poindex-ter’s declaratory judgment action, and held that Southern United’s refusal to recognize responsibility for towing and storage charges was not a denial of “coverage.” The Court reversed and remanded the portion of the trial judge’s opinion which denied Poindexter’s right to amend his complaint.
¶ 7. On remand, Poindexter filed an amended complaint, which was identical to his original complaint, except it alleged that Southern United had committed the independent tort of intentional infliction of emotional distress, rather than his original “bad faith to settle” claim. Poindexter contended that Southern United’s use of bullying tactics and economic coercion to refuse to pay his alleged damages, including the towing and storage costs of his vehicle, constituted the independent tort of intentional infliction of emotional distress.
¶8. On June 6, 2003, the trial judge dismissed Poindexter’s amended complaint holding that “the facts in the first amended complaint clearly amount to nothing more than a simple dispute between the plaintiff and Southern United Fire Insurance Company over the amount of damages plaintiff is entitled to recover from the co-defendant Fields,” and subsequently holding “[t]he law imposes upon Southern United Fire Insurance no duty to settle plaintiffs claims against its insured and by simply refusing to pay the sum of money which plaintiff has demanded, Southern United Fire Insurance Company is not guilty of intentional infliction of emotional distress.”
¶ 9. Aggrieved by this dismissal Poin-dexter has perfected his appeal.
*376 ISSUES AND ANALYSIS
I.
The trial judge erred, as a matter of law, in dismissing Plaintiffs First Amended Complaint alleging that Defendant’s bullying tactics and economic coercion constituted intentional infliction of emotional distress upon Plaintiff.
¶ 10. Poindexter contends that the trial judge erred in granting Southern United’s motion to dismiss because he had a viable claim for intentional infliction of emotional distress. Poindexter asserts that his proof comports with his claim, that Southern United committed the independent tort of intentional infliction of emotional distress against him by using economic coercion and bullying tactics to attempt to force him into a less than favorable settlement. Poindexter contends that his pleading put Southern United on notice of his claim, and that the matter should be put before a jury for development of that claim.
¶ 11. The standard of review that this Court employs for a denial of a motion to dismiss under Rule 12(b)(6) is to conduct a de novo review of questions of law. Varvaris v. Perreault, 813 So.2d 750, 752(¶ 4) (Miss.Ct.App.2001). “Upon a motion for dismissal pursuant to Rule 12(b)(6), the pleaded allegations of the complaint must be taken as true, and a dismissal should not be granted unless it appears beyond a reasonable doubt that the plaintiff can prove no set of facts in support of his claim which entitles him to relief.” Id. (citation omitted).
¶ 12. Reviewing the matter de novo, as we are required to do, we look to the allegations of Poindexter’s pleadings and accept them as true. First, Poindex-ter contends that Fields’ negligence caused the accident in which his vehicle suffered $3,000 worth of damage. Second, he contends that Fields was insured by an automobile policy issued by Southern United which was in full force and effect on the day of the accident. Third, he contends that he has incurred a towing charge of $75, and storage charges of $15 per day since June 30, 2000, and since that day he has lost the use of his truck valued at $29.99 a day. Fourth, he contends that Southern United made one offer to settle, but it was unacceptable, as it did not include the towing and storage charges for his vehicle. Fifth, Poindexter contends that Southern United knew that he suffered from acute diabetes which resulted in the amputation of both of his feet, and that as a result he undergoes kidney dialysis three times a week. Sixth, Poindexter contends that Southern United knew that as a result of his illness he was in financial distress and could not pay the storage and towing fees. Finally, he contends that Southern United is guilty of economic coercion because it knew of his physical and financial condition, and in light of that told him to “either take it or leave it,” with regards to the settlement offer. Poindexter also contends that Southern United made statements to him that if he did not like the offer he could sue, but since he did not have any money and the amount of the claim was so small that he would not likely be able to hire an attorney. Under these circumstances, Poindexter contends that Southern United committed intentional infliction of emotional distress by its refusal to pay his storage and towing expenses, because it had a duty to pay these costs as a result of its insured’s negligence.
¶ 13. While we are sympathetic to Poindexter’s situation, we do not find that the unfortunate frustration and annoyances caused by Southern United rose to the heightened level of intentional infliction of emotional distress. To recover *377 damages for intentional infliction of emotional distress, the conduct must have been, “so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.” Brown v. Inter-City Federal Bank for Sav., 738 So.2d 262, 265(¶ 9) (Miss.Ct.App.1999), citing Pegues v. Emerson Elec. Co., 913 F.Supp. 976, 982 (N.D.Miss.1996). “The liability clearly does not extend to mere insults, indignities, threats, annoyances, petty oppression, or other trivialities.” Id., citing Lawson v. Heidelberg Eastern, 872 F.Supp. 335, 338 (NJD.Miss.1996). “[I]t is the nature of the act itself — as opposed to the seriousness of the consequences— which gives impetus to legal redress.” Brown, 738 So.2d 262, 265(¶ 9) citing Pegues, 913 F.Supp. at 982.
¶ 14. Contrary to Poindexter’s assertions, Southern United had no duty to him, but only to its insured. We agree with the trial judge, and find the matter between Southern United and Poindexter to be a pay dispute, and nothing more, and while not condoning the behavior of Southern United, we do not find that its conduct was so egregious as to “shock the conscience.”
¶ 15. Accordingly, we find that Poindex-ter’s assertion, that he suffered the independent tort of intentional infliction of emotional distress, is not supported by his complaint or brief.
II.
The trial judge erred, as a matter of law, in holding that Plaintiffs Motion to Compel Discovery was moot.
¶ 16. The resolution of Issue I renders moot issue II. However, we feel compelled to mention that Poindexter had an obligation to provide specific facts, which indicated that his claim was viable, rather than depending upon a fishing expedition, in hopes of establishing a claim. There is no mention in either his complaint or his brief of any specific facts, aside from those above-mentioned, with which to convince a jury, or the trial judge in the motion to dismiss, that Southern United had indeed intentionally inflicted emotional distress upon him. In our review of the record, all we have are bald assertions of Southern United’s denial of payment of his towing and storage expenses.
¶ 17. Accordingly, this issue lacks merit.
¶ 18. THE JUDGMENT OF THE CIRCUIT COURT OF LOWNDES COUNTY IS HEREBY AFFIRMED. ALL COSTS OF THIS APPEAL ARE TAXED TO THE APPELLANT.
BRIDGES, P.J., LEE, IRVING, MYERS, CHANDLER AND GRIFFIS, JJ., CONCUR. BARNES, J., NOT PARTICIPATING.