KITCHENS, Justice,
Dissenting.
¶ 51. I fully concur with Justice Dickinson’s well-reasoned dissent. The torts to which a one-year statute of limitations applies are specifically designated by state statute, and intentional infliction of emotional distress is not one of them. Miss. Code Ann. § 15-1-35 (Rev.2003). In order to add intentional infliction of emotional distress to the statute’s list, it was necessary for the majority to apply nonbinding federal case law.
¶ 52. However, even if a one-year statute of limitations applied, this defense was waived; it cannot be credibly argued that Fluor Daniel did not know the plaintiffs were raising an intentional infliction of emotional distress claim until this Court rendered its opinion. Although the complaint was inartfully drafted, this claim was squarely at issue and thoroughly argued on the defendant’s first motion for summary judgment. In their response to the first motion for summary judgment, filed December 14, 2004, the plaintiffs argued that they had “demonstrated a viable cause of action on a theory of infliction of emotional distress,” and cited two cases which directly address intentional infliction of emotional distress claims, Lee v. Golden Triangle Planning and Development District, Inc., 797 So.2d 845 (Miss.2001), and Brown v. Inter-city Federal Bank for Savings, 738 So.2d 262 (Miss.Ct.App.1999). At the summary judgment hearing, the attorney for the plaintiffs specifically argued that they were pursing a claim for “intentional infliction of emotional distress,” and there was no objection from Fluor Daniel on this point. The order granting summary judgment refers to “tortious infliction of emotional distress,” and cites Pegues v. Emerson Electric Company, 913 F.Supp. 976, 982 (N.D.Miss. 1996), a case defining intentional infliction of emotional distress. Notably, this order was drafted by Fluor Daniel’s attorney.
¶ 53. Therefore, the record indicates that Fluor Daniel was fully aware that the plaintiffs were asserting a claim for intentional infliction of emotional distress, and at no point did Fluor Daniel object. Even when the case was here on the first appeal, one of the issues Fluor Daniel argued in its brief was “whether the circuit court properly granted FDSC summary judgment on the plaintiffs’ claims for intentional infliction of emotional distress.” Again, Fluor Daniel never argued that it was unaware of such a claim, even in its second motion for summary judgment, and it has raised the issue for the first time in the second appeal to this Court. It is disingenuous, at best, for Fluor Daniel now to claim that intentional infliction of emotional distress did not emerge as a claim until June 21, 2007, the date this Court issued its opinion in the first appeal.
¶ 54. Under Mississippi Rule of Civil Procedure 15(b), a complaint is amended *429 to add a claim by implied consent of the parties, if the plaintiff raises the claim in response to a motion for summary judgment, and the trial judge decides the issue on summary judgment without an objection from the defendant. Presswood v. Cook, 658 So.2d 859, 861-62 (Miss.1995). This is precisely what occurred in the instant case; and by failing to object to the intentional infliction of emotional distress claim, Fluor Daniel implicitly consented to litigation of this issue. Therefore, this claim was fully apparent to all parties and the trial court by, at the latest, December 14, 2004, the date the plaintiffs filed their response to Fluor Daniel’s first motion for summary judgment. It was not until three years later, on January 22, 2008, that the defendant raised the one-year statute of limitations issue for the first time. Given the protracted delay in raising this affirmative defense, and Fluor Daniel’s active participation in the litigation, Fluor Daniel acquiesced in the litigation of this issue and waived the statute of limitations defense (assuming, arguendo, that the one-year statute of limitations even applies). Miss. Credit Center, Inc. v. Horton, 926 So.2d 167, 181 (Miss.2006).
¶ 55. Yet, even if it could be legitimately argued that the defendant was first put on notice of the intentional infliction of emotional distress claim on June 21, 2007, Fluor Daniel still waited too long to raise the statute of limitations defense. In Horton, 926 So.2d at 181, this Court held that an eight-month delay was too long:
[Ajbsent extreme and unusual eircum-stances[,] an eight month unjustified delay in the assertion and pursuit of any affirmative defense or other right which, if timely pursued, could serve to terminate the litigation, coupled with active participation in the litigation process, constitutes waiver as a matter of law.
The majority makes no attempt to distinguish Horton from the present case or to explain why a seven-month delay is any different from an eight-month delay when it comes to asserting an affirmative defense.
¶ 56. Thus, while I agree with Justice Dickinson that the statute of limitations for intentional infliction of emotional distress is three years, I also find Fluor Daniel waived this defense- by waiting so long to raise the issue. For these reasons, I respectfully dissent.
GRAVES, P.J., JOINS THIS OPINION. DICKINSON, J., JOINS THIS OPINION IN PART.