# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2002-CP-01298-SCT

*WILLIE B. SOUTHERN, JR.*

*v.*

*MISSISSIPPI STATE HOSPITAL, PAUL JACKSON,*
*M.D. AND MARTHA MURRAY, M.D.*

| | |
|---|---|
| DATE OF JUDGMENT: | 8/2/2002 |
| TRIAL JUDGE: | HON. WILLIAM E. CHAPMAN, III |
| COURT FROM WHICH APPEALED: | RANKIN COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | PRO SE |
| ATTORNEYS FOR APPELLEES: | THOMAS T. DUNBAR |
| | WILLIAM C. GRIFFIN |
| | L. ABRAHAM ROWE, JR. |
| NATURE OF THE CASE: | CIVIL - TORTS-OTHER THAN PERSONAL INJURY & PROPERTY DAMAGE |
| DISPOSITION: | AFFIRMED - 09/11/2003 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE McRAE, P.J., EASLEY AND GRAVES, JJ.**

**EASLEY, JUSTICE, FOR THE COURT:**

## STATEMENT OF THE CASE

¶1.     Willie B. Southern, Jr. (Southern) was committed by order of the Chancery Court of Hinds County on April 19, 1999, to the Mississippi State Hospital. The affidavit for commitment was brought by Gerald Jones of the Jackson Police Department, as a friend of the court, seeking treatment for Southern. The affidavit alleged that Southern was a possible danger to himself and others and that he had barricaded himself and his two children in a hotel room for a week despite pleas from family and others to come out. The special master's commitment order reflects that Southern was present at the hearing with his attorney.

¶2.	On June 9, 2002, Southern filed suit against the Mississippi State Hospital at Whitfield in Rankin County and its staff physicians, Dr. Paul Jackson (Dr. Jackson) and Dr. Martha Murray (Dr. Murray), collectively known as the Hospital.  The Hospital filed a joint motion to dismiss pursuant to M.R.C.P. 12 (b) (6) for failure to state a valid claim upon which relief can be granted.  In the motion to dismiss, the Hospital took the position that they were exempt from the liability pursuant to Miss. Code Ann. § 11-46-9 (1) (a), Miss. Code Ann. § 11-46-9 (1) (d)  and Miss. Code Ann. § 11-46-9 (1) (m).  The Hospital in its motion to dismiss further set forth the defense that Southern's complaint had not been properly filed pursuant to the one-year statute of limitation under Miss. Code Ann. § 11-46-11.

¶3.	The trial court entered its order granting the Hospital's motion to dismiss.  In its order of dismissal, the trial court stated:

> The [c]ourt finds that Mississippi Code § 11-46-9 (1)(a) exempts a governmental entity and its employees acting within the course and scope of their employment or duties and states "they shall not be liable for any claims arising out of a legislative or judicial action..." which in this case involves a judicial commitment of the [p]laintiff to the State Hospital.  Both the alleged wrongful detention and alleged false diagnosis arise from the Judge's commitment of [p]laintiff.  The [c]ourt finds that the [p]laintiff's claims against individual physicians, Paul Jackson, M.D. and Martha Murray, M.D., also should be dismissed as they are immune from suit under Mississippi law since they were employees acting within the scope of their employment with the [s]tate or a [s]tate [a]gency. § 11-46-9 (1) (a), (d) and/or (m). ***Mallery v. Taylor***, 805 So.2d 613 (Miss. 2002).
> The [c]ourt further finds that the [p]laintiff has failed to file his claims within the one year statute of limitations under § 11-46-11 of Mississippi Code Annotated and therefore is barred from maintaining this lawsuit and all of its claims against all [d]efendants.  The [c]omplaint avers that [p]laintiff was of sound mind but falsely diagnosed with [b]ipolar [d]isorder ([c]omplaint [p]aragraphs 6, 13, 15, 5).
> The [c]ourt finds that the [p]laintiff, Southern, has alleged that he was defamed by the diagnosis of [b]ipolar [d]isorder but has not pled that it has been published to anyone nor has he pled a special harm as a result of a publication of the alleged defamatory diagnosis.  Defamation is an intentional tort that would also be subject to the one-year statute of limitations under common law as well as the Mississippi Tort Claims Act. (Miss. Code Ann. § 15-1-35 states - All actions for assault, assault and battery, maiming, false imprisonment... and all actions for slanderous words concerning the person or title, for failure to employ, and for libels shall be commenced within one (1) year next after the

2

cause of such action accrued and not after.). The [p]laintiff does not plead a publishing of the alleged defamation nor that he has suffered a special harm from the alleged defamation so the allegation of defamation is not properly pled and as a matter of law should be dismissed. *King v. Miss. Power & Light*, 142 So.2d 222, 225 (Miss. 1962) (It is not sufficient to allege negligence as a mere conclusion of the pleader, but facts must be pleaded showing actual negligence.); *McLemore v. McLemore*, 163 So.2d 500 (Miss. 1935) (Ultimate essential facts upon which cause of action or affirmative defense thereto is based must be averred but not the items of evidence by which ultimate essential facts are to be proved.).

Under Mississippi [l]aw, the [p]laintiff's claims for intentional infliction of emotional distress also is subject to a one-year statute of limitations under the Mississippi Tort Claims Act as well as Miss. Code Ann. § 15-1-35.

Additionally, the [c]ourt finds that the [p]laintiff has not pled the necessary facts to support a claim of intentional infliction of emotional distress and that the [p]laintiff failed to plead that the [d]efendant doctors' individual actions caused him harm, but only that he sustained "...physical injuries, mental and emotional trauma..." as a result of the wrongful commitment. (*King, supra, McLemore, supra*) The [p]laintiff has not pled any intentional act that would form the basis of a claim of intentional infliction of emotional distress other than a false diagnosis of [b]ipolar I [d]isorder which would be based on his commitment for which the [d]efendants are immune under Miss. Code Ann. § 11-46-1 (a), (d) and/or (m). (*Mallery, supra*). The [c]ourt finds that this claims fails as a matter of law to be actionable under Mississippi law and should be dismissed.

WHEREFORE, PREMISES CONSIDERED, the [d]efendants' [m]otion for [d]ismissal is hereby granted.


## DISCUSSION

¶4. On appeal, Southern presents a convoluted argument. It is impossible to fully follow Southern's accusations raised on appeal. However, most of Southern's assignments of error appear to be various alleged constitutional violations under the Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments. Southern further appears to attempt to reference 42 U.S.C. § 1983 in his brief citing "Right Act of 1871 (42 U.S.C.S. & [sic] 1883 & [sic] 1985 and 1986)." Southern raises these constitutional arguments for the first time on appeal. As such, these constitutional allegations are not properly before this Court. The role of an appellate court is not to be a fact finder but rather determine and apply the law to the facts

3

determined by the trier of fact. In *Bender v. North Meridian Mobile Home Park*, 636 So.2d 385, 389 (Miss. 1994) (citing *Patterson v. State*, 594 So.2d 606, 609 (Miss. 1992)), this Court held that:

> The rule that questions not raised in the lower court will not be reviewed on appeal is particularly true where constitutional questions are involved.

¶5. A trial judge cannot be put in error on a matter not presented to him. *See Bender*. *See also Mills v. Nichols*, 467 So.2d 924, 931 (Miss. 1985). This Court has repeatedly held that issues not raised at trial cannot be raised on appeal. *See Parker v. Mississippi Game and Fish Commission*, 555 So.2d 725, 730 (Miss. 1989).

¶6. Southern further contends that the trial court erred in not allowing him "to proceed with its [his] claim for make-whole [r]elief against [e]vil." The only issue on appeal necessary for this Court's consideration is whether the trial court erred in dismissing Southern's complaint for failure to comply with the statute of limitation.

¶7. From Southern's complaint it is difficult to determine what relief exactly he sought from the trial court. However, it appears that Southern attempted to make a claim of medical malpractice, defamation, intentional infliction of emotional distress, mental anguish, loss of business and loss of enjoyment of life resulting from the actions of the state hospital and Drs. Jackson and Murray in connection with his court ordered commitment to Whitfield. Southern sought a judgment for $9,000,000 from each doctor.

¶8. Southern was discharged from the Mississippi State Hospital on December 10, 1999, after being committed by the Chancery Court of Hinds County on April 28, 1999. Southern filed his complaint in the Circuit Court of Rankin County on June 19, 2002.

¶9. The trial court dismissed Southern's complaint citing various reasons for the dismissal. The trial court stated that Southern had "failed to file his claim within the one year statute of limitations under § 11-

4

46-11 of Mississippi Code Annotated and therefore is barred from maintaining this lawsuit and all its claims against all [d]efendants." We agree.

¶10.    In *Pickens v. Donaldson, M.D.*, 742 So.2d 684, 687 (Miss. 1999) this Court held that:

The MTCA provides:

> the exclusive civil remedy against a governmental entity or its employee for acts or omission which give rise to a suit.

*See City of Tupelo v. Martin*, 747 So.2d 822, 826 (Miss. 1999) ("the MTCA provides the exclusive remedy for a injured by a governmental entity's act or omissions).

¶11.    Miss. Code Ann. § 11-46-7 (1) provides:

The remedy provided by this chapter against a governmental entity or its employee is exclusive of any other civil action or civil proceeding by reason of the same subject matter against the governmental entity or its employee or the estate of the employee for the act or omission which gave rise to the claim or suit; and any claim made or suit filed against a governmental entity or its employee to recover damages for any injury for which immunity has been waived under this chapter shall be brought only under the provisions of this chapter, notwithstanding the provisions of any other law to the contrary.

¶12.    Miss. Code Ann. § 11-46-11 provides the statute of limitations and requirements for filing suit against a governmental entity or its employees. Miss. Code Ann. § 11-46-11 states:

(1)    After all procedures within a governmental entity have been exhausted, any person having a claim for injury arising under the provisions of this chapter against a governmental entity or its employees shall proceed as he might in any action at law or in equity; provided, however, that ninety (90) days prior to maintaining an action thereon, such person shall file a notice of claim with the chief executive officer of the governmental entity. Service of notice of claim may also be had in the following manner: If the governmental entity is a county, then upon the chancery clerk of the county sued; if the governmental entity is a municipality, then upon the city clerk. If the governmental entity to be sued is a state entity as defined in Section 11-46-1 (j), service of notice of claim shall be had only upon that entity's chief executive officer. If the governmental entity is participating in a plan administered by the board pursuant to Section 11-46-7(3), such chief executive officer shall notify the board of any claims filed within five (5) days after the receipt thereof.

(2)     Every notice of claim required by subsection (1) of this section shall be in writing, and shall be delivered in person or by registered or certified United States mail. Every notice of claim shall contain a short and plain statement of the facts upon which the claim is based, including the circumstances which brought about the injury, the extent of the injury, the time and place the injury occurred, the names of all persons known to be involved, the amount of money damages sought and the residence of the person making the claim at the time of the injury and at the time of filing the notice.

(3)     All actions brought under the provisions of this chapter shall be **commenced within one (1) year next after the date of the tortious, wrongful** or otherwise actionable conduct on which the liability phase of the action is based, and not after; provided, however, that the filing of a notice of claim as required by subsection (1) of this section shall serve to toll the statute of limitations for a period of ninety-five (95) days from the date the chief executive officer of the state agency receives the notice of claim, or for one hundred twenty (120) days from the date the chief executive officer or other statutorily designated official of a municipality, county or other political subdivision receives the notice of claim, during which time no action may be maintained by the claimant unless the claimant has received a notice of denial of claim. After the tolling period has expired, the claimant shall then have an additional ninety (90) days to file any action against the governmental entity served with proper claim notice. However, should the governmental entity deny any such claim, then the additional ninety (90) days during which the claimant may file an action shall begin to run upon the claimant's receipt of notice of denial of claim from the governmental entity. All notices of denial of claim shall be served by governmental entities upon claimants by certified mail, return receipt requested, only. For purposes of determining the running of limitations periods under this chapter, service of any notice of claim or notice of denial of claim shall be effective upon delivery by the methods statutorily designated in this chapter. The limitations period provided herein shall control and shall be exclusive in all actions subject to and brought under the provisions of this chapter, notwithstanding the nature of the claim, the label or other characterization the claimant may use to describe it, or the provisions of any other statute of limitations which would otherwise govern the type of claim or legal theory if it were not subject to or brought under the provisions of this chapter.

(emphasis added).

¶13.     The record does not reflect that Southern complied with the notice of claim requirements of Miss.

Code Ann. § 11-46-11 (3).  Furthermore, Southern waited until approximately two and a half years to file

suit, well in excess of the one year statute of limitations. We find that the trial court properly dismissed Southern's complaint as being time barred.

## CONCLUSION

¶14.    For the foregoing reasons, this Court affirms the ruling of the Rankin County Circuit Court granting summary judgment to the Hospital and dismisses Southern's complaint as being time barred by the applicable statute of limitations.

¶15.    **AFFIRMED**.

**PITTMAN, C.J., McRAE AND SMITH, P.JJ., WALLER, COBB, CARLSON AND GRAVES, JJ., CONCUR. DIAZ, J., NOT PARTICIPATING.**