# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2005-IA-00311-SCT

*CITIFINANCIAL MORTGAGE COMPANY, INC.*

*v.*

*ROSIE WASHINGTON AND CATHERLEAN CRAFT*

| | |
|---|---|
| DATE OF JUDGMENT: | 02/10/2005 |
| TRIAL JUDGE: | HON. ROBERT G. EVANS |
| COURT FROM WHICH APPEALED: | JASPER COUNTY CIRCUIT COURT |
| ATTORNEYS FOR APPELLANT: | LAURA L. GIBBES |
| | H. MITCHELL COWAN |
| | ROBERT D. GHOLSON |
| ATTORNEYS FOR APPELLEES: | CHRISTOPHER E. FITZGERALD |
| | W. LEWIS GARRISON, JR. |
| NATURE OF THE CASE: | CIVIL - OTHER |
| DISPOSITION: | REVERSED AND REMANDED - 10/25/2007 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**EN BANC.**

**SMITH, CHIEF JUSTICE, FOR THE COURT:**

¶1.     CitiFinancial appeals to this Court from the Circuit Court of Jasper County's denial in part of CitiFinancial's motion for summary judgment.  This case concerns a loan Rosie Washington and Catherlean Craft obtained from Ford Consumer Finance, a predecessor in interest to CitiFinancial. The issues presented are whether the evidence demonstrated the existence of each essential element of the causes of action brought, thus creating a genuine issue of material fact, and whether the claims were barred by the statute of limitations.

**FACTS AND PROCEDURAL HISTORY**

¶2.    Plaintiffs obtained a loan from Ford Consumer Finance, which was sold to The Associates First Capital which became Associates Home Equity Services, and Associates was bought by CitiGroup and became CitiFinancial. On November 29, 1995, Catherlean Craft and her mother Rosie Washington signed an agreement for a loan of $31,480 from Ford Consumer Finance. Plaintiffs filed a complaint on November 19, 2001, alleging that CitiFinancial represented to them that 180 monthly payments of $400.57 would satisfy the debt when, in fact, after 179 such monthly payments, Plaintiffs would still owe $28,878.20.[1] Plaintiffs raised claims of breach of the covenant of good faith and fair dealing, economic duress, negligence, intentional infliction of emotional distress, constructive fraud, rescission and cancellation, and violation of the Mississippi Unfair or Deceptive Acts and Practices Act, Mississippi Code Annotated Section 75-24-3, et seq. (Rev. 2000). Defendants answered and raised as defenses, *inter alia*, that Plaintiffs failed to state a claim and that Plaintiffs' claims are barred by the statute of limitations and the doctrine of release.

¶3.    On December 13, 2004, CitiFinancial filed a motion for summary judgment, asserting that Plaintiffs' claims were barred by the statute of limitations; that Plaintiffs previously signed a settlement agreement releasing CitiFinancial; and that Plaintiffs raised no genuine issue of material fact as to the causes of action brought. Plaintiffs responded, and attached excerpts of the deposition of Rhonda Hare, the mortgage representative who allegedly made misrepresentations; the deposition of Scott McIlhaney, who at the time of the execution of

---

[1] Specifically, Plaintiffs obtained the loan through a mortgage on Washington's home and allege that Rhonda Hare of Hare Mortgage, Inc., who Plaintiffs claim served as an agent or employee of CitiFinancial, misrepresented the terms of their loan payment obligation.

the loan was an employee of Ford Consumer Finance, which later became CitiFinancial; the deposition of Rosie Washington, one of the plaintiffs and a signatory to the loan agreement; Plaintiffs' Supplemental Answers to Defendants' Interrogatories, describing the expected opinions of Gene Marsh, an expert on predatory lending; the deposition of Marsh; and the deposition of Catherlean Craft, the other plaintiff and signatory to the loan agreement.

¶4. On February 14, 2005, the trial court granted in part and denied in part CitiFinancial's Motion for Summary Judgment. The court denied summary judgment on the issues of breach of the covenant of good faith and fair dealing, negligence, intentional infliction of emotional distress, fraud, statute of limitations, and release of claims. Upon this denial, CitiFinancial filed a Petition for Interlocutory Appeal and a Motion for Emergency Stay of Case pending the resolution of this interlocutory appeal, both of which this Court granted.

¶5. This Court need only discuss the statute of limitations application to Plaintiff's claim, since that issue is dispositive. We conclude that Plaintiffs are barred according to the statute of limitations, and denial of summary judgment was error by the trial judge. Accordingly, we reverse and render.

## DISCUSSION

### I. Whether the Trial Court Erred in its Determination that Plaintiffs' Claims Are Not Barred by the Statute of Limitations.

¶6. The claim for intentional infliction of emotional distress is subject to a one-year statute of limitations under Mississippi Code Annotated Section 15-1-35 (Rev. 2003). *Southern v. Miss. State Hosp.*, 853 So. 2d 1212, 1214 (Miss. 2003). The intentional act which Plaintiffs claim forms the basis of this action involves the alleged misrepresentations

3

or omissions occurring on or before November 29, 1995, and Plaintiffs filed their claim on November 19, 2001. Clearly, the statute of limitations had run as to this claim when Plaintiffs brought suit almost six years after the act giving rise to the claim.

¶7.   The remainder of the claims are governed by Mississippi Code Annotated Section 15-1- 49 (Rev. 2003). *Rankin v. Am. Gen. Fin., Inc.*, 912 So. 2d 725, (Miss. 2005) (breach of a fiduciary duty, breach of implied covenant of good faith and fair dealing, negligent misrepresentation, fraudulent misrepresentation, and negligence are subject to a three-year statute of limitations pursuant to Miss. Code Ann. § 15-1-49). In a contractual claim, a cause of action accrues on the date of actual injury, the date the facts occurred which enable the Plaintiffs to bring a cause of action. *Oaks v. Sellers*, 953 So. 2d 1077, at *10-11 (Miss. 2007).

¶8.   The dispute centers around whether a claim arose at the time of the execution of the loan, as CitiFinancial asserts, or at the time Plaintiffs were first counseled on the fact that better terms existed. The statute of limitations for the claims in this case began to run when the plaintiffs had notice of the terms of the contract, which was at the time of the execution of the loan agreement, when the Plaintiff received the terms of the contract. *Id.* at 11 (discussing *Andrus v. Ellis*, 887 So. 2d 175 (Miss. 2004)). Having signed and received a copy of the loan, which contained all the payment terms, Plaintiffs were on notice of the terms complained of as of November 29, 1995.  This Court held in *Sellers* that having knowledge, regardless of whether that knowledge was actual or constructive, of the terms of the agreement begins the statute of limitations. *Sellers*, 953 So. 2d 1077, at *18. The

4

plaintiffs filed suit on November 19, 2001, more than three years after they learned of the terms about which they now complain.

¶9.     Giving Plaintiffs all benefit of the doubt, in November 1995, the terms of the contract upon which they base their claim included a balloon payment of $28,878.20.  That contract also stated that those were the only terms provided to them. Therefore, Plaintiffs' right to sue began on November 29, 1995, and the statute of limitations began to run on that date also. Plaintiffs filed their claim six years later in November 2001, well outside the three-year statute of limitations under Mississippi Code Annotated Section 15-1-49.  Accordingly, this Court finds that the trial court erred by denying CitiFinancial's motion for summary judgment. The statute of limitations bar warrants a grant of summary judgment on all claims raised in this case. *See Bennett*, 921 So. 2d at 1272 (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S. Ct. 2548, 2552, 91 L. Ed. 2d 265, 273 (1986)).

## CONCLUSION

¶10.     Plaintiffs were barred from filing suit six years after the events occurred which gave rise to their claims.  Accordingly, the trial court erred by denying CitiFinancial's motion for summary judgment, and this Court reverses that judgment and remands this case to the Circuit Court of Jasper County for entry of an order consistent with this opinion.

¶11.     **REVERSED AND REMANDED.**

**WALLER, P.J., CARLSON, DICKINSON, RANDOLPH AND LAMAR, JJ., CONCUR.  DIAZ, P.J., EASLEY AND GRAVES, JJ., DISSENT WITHOUT SEPARATE WRITTEN OPINION.**