# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2008-CA-00456-SCT

*GENE JONES, ASHLEY CRAFT, RALPH SCOTT,*
*HARDY GORDON, JAMES WILLIAMS AND*
*REGGIE WILLIAMS*

*v.*

*FLUOR DANIEL SERVICES CORPORATION*


| | |
|---|---|
| DATE OF JUDGMENT: | 03/04/2008 |
| TRIAL JUDGE: | HON. ROBERT G. EVANS |
| COURT FROM WHICH APPEALED: | JASPER COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANTS: | THOMAS QUITMAN BRAME, JR. |
| ATTORNEYS FOR APPELLEE: | GARY E. FRIEDMAN |
| | STEVE J. ALLEN |
| | SAUNDRA BROWN STRONG |
| NATURE OF THE CASE: | CIVIL - TORTS-OTHER THAN PERSONAL INJURY & PROPERTY DAMAGE |
| DISPOSITION: | AFFIRMED - 02/18/2010 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**EN BANC.**

**PIERCE, JUSTICE, FOR THE COURT:**

¶1. This case comes before this Court for the second time on appeal from the Jasper County Circuit Court's grant of Fluor Daniel Services Corporation's Motion for Summary Judgment. The trial court dismissed the plaintiffs' claims of intentional infliction of emotional distress with prejudice as barred by the statute of limitations. We affirm the trial court on all issues.

**FACTS**

¶2.     The six plaintiffs in this case are all African-American males and former employees of Fluor Daniel Services Corporation.  While employed with Fluor Daniel, they worked under the direct supervision of Rudy Amaro, a Mexican man.  The plaintiffs' complaint alleges Amaro committed a number of racially-motivated offenses while acting in the scope, course, and authority of his employment.  The plaintiffs filed a joint action against Fluor Daniel, claiming Fluor Daniel is vicariously liable for Amaro's actions.  The complaint alleges these actions constitute "a wrongful and malicious discharge, a negligent infliction of emotional distress, a willful and malicious breach of the duty of good faith and fair dealings, a retaliatory discharge, and a grievous and malicious tort under other various theories of the law."  Amaro also was named a defendant, but was never served with process and is believed to have returned to Mexico.

¶3.     This case came before this Court on appeal previously from the trial court's prior grant of summary judgment. ***Jones v. Fluor Daniel Services Corp.***, 959 So. 2d 1044 (Miss. 2007) ("***Jones I***").  In ***Jones I***, this Court reversed the trial court's grant of summary judgment as to the claim of "tortious infliction of emotional distress" and remanded the matter to the trial court for further proceedings on that issue alone.  We stated, "[i]n viewing the record in its entirety in the light most favorable to the plaintiffs, we find there is enough evidence to maintain a cause of action for intentional infliction of emotional distress." ***Id.*** at 1050.  This Court affirmed the trial court's grant of summary judgment as to all other issues.

¶4.     On remand, Fluor Daniel again moved for summary judgment – this time alleging the statute of limitations had run on the plaintiffs' intentional-infliction-of-emotional-distress

2

claim.  All the plaintiffs were laid off between October 27, 2001, and February 22, 2002. This action was not commenced until April 4, 2003.  The trial court found that, although intentional infliction of emotional distress is not listed specifically as one of the intentional torts barred by a one-year statute of limitations in Mississippi Code Section 15-1-35,  this Court established that the one-year statute of limitations applies to claims for intentional infliction of emotional distress in *CitiFinancial Mortgage Co., Inc. v. Washington*, 967 So. 2d 16, 19 (Miss. 2007).  The trial court further found that the defendant did not waive the statute-of-limitations defense, granted Fluor Daniel's motion for summary judgment, and dismissed the plaintiffs' claim as time-barred.  Aggrieved by the trial court's grant of summary judgment, the plaintiffs again appeal to this Court.

### ANALYSIS

¶5.    The plaintiffs raise the following issues on appeal:

  I.     **Whether the trial court erred by granting summary judgment as to the plaintiffs' intentional-infliction-of-emotional-distress claims.**

  II.    **Whether the trial court erred in applying a one-year statute of limitations to an intentional-infliction-of-emotional-distress claim.**

  III.   **Whether the trial court abused its discretion by allowing the defendant to file its Answer to the Amended Complaint four years late.**

  IV.    **Whether the trial court abused its discretion by allowing the defendant to propound initial discovery more than four years late.**

¶6.    This Court reviews an order granting summary judgment de novo. *Mantachie Natural Gas Dist. v. Miss. Valley Gas Co.*, 594 So. 2d 1170, 1172 (Miss. 1992)  (citing *Clark v. Moore Mem'l United Methodist Church,* 538 So. 2d 760, 762 (Miss. 1989)).

3

Furthermore, this Court reviews questions of law, including statute-of-limitations issues, de novo. *Stephens v. Equitable Life Assurance Soc'y of U.S.*, 850 So. 2d 78, 81 (Miss. 2003) (quoting *ABC Mfg. Corp. v. Doyle*, 749 So. 2d 43, 45 (Miss. 1999)). Where summary judgment is at issue, "[t]he evidence must be viewed in the light most favorable to the party against whom the motion has been made." *Id.* In those instances, "[a]ll that is required of a non-movant to survive a motion for summary judgment is to establish a genuine issue of material fact." *Simmons v. Thompson Mach. of Miss., Inc.*, 631 So. 2d 798, 801 (Miss. 1994).

**I.**

¶7. The plaintiffs contend that the court erred in allowing Fluor Daniel to maintain the defense of statute of limitations asserted in the original answer. The plaintiffs allege that Fluor Daniel has waived its right to rely on the statute of limitations as a defense in this matter, and rely on the fact that Fluor Daniel pleaded the statute of limitations as a defense in nonspecific terms. The exact language on which the plaintiffs focus comes from Fluor Daniel's original answer, in which it stated that the claim *"may* be barred by statutes of limitations." (Emphasis added.) The plaintiffs essentially assert that the use of the word "may" rather than "is" is a failure to plead affirmatively the defense of statute of limitations. This argument is without merit.

¶8. The plaintiffs allege that "more critical to the determination of this point is the fact that the Defendant did absolutely nothing to advance or assert any argument that the statute of limitations had run . . . while participating in this litigation for years and years." This Court has said, "A defendant's failure to timely and reasonably raise and pursue the

4

enforcement of any affirmative defense or other affirmative matter or right which would serve to terminate or stay the litigation, coupled with active participation in the litigation process, will ordinarily serve as a waiver." *Miss. Credit Center, Inc. v. Horton*, 926 So. 2d 167 (Miss. 2006).

¶9.     The relevant issue in *Horton* was whether or not the defendant waived his right to compel arbitration by waiting more than eight months to pursue his right to arbitrate, while actively participating in the litigation. The defendant asserted that right in his answer, but did not file a motion to compel arbitration or request a hearing on the motion within what this Court considered a reasonable time. Furthermore, the defendant in *Horton* substantially engaged in the litigation "by consenting to a scheduling order, engaging in written discovery, and conducting [a] deposition." *Id.* at 180. He provided no explanation for the delay.

¶10.    This Court held, "[a]lthough participation in the litigation is an important factor to be considered, more is required to constitute a waiver." *Id.* We found that participation in the litigation, coupled with substantial and unreasonable delay in pursuing the right to compel arbitration, constituted a waiver of that right. *Id.* We further pointed out that "prejudice to the party resisting arbitration is a factor to be considered." *Id.* at n.7 (citing *Russell v. Performance Toyota, Inc.*, 826 So. 2d 719, 724 (Miss. 2002)).

¶11.    Finally, the *Horton* Court said, "[o]ur holding today is not limited to assertion of the right to compel arbitration." *Id.* at 180. We found that unreasonable failure to timely assert *any* right which could terminate the litigation could lead to a waiver of such right if coupled with participation in the litigation process. In an attempt to define what constitutes an unreasonable delay, this Court stated:

5

> We decline today to set a minimum number of days which will constitute unreasonable delay in every case, but rather we defer such findings for the trial court on a case by case basis. We do hold however that – absent extreme and unusual circumstances – an *eight month* unjustified delay in the assertion and pursuit of *any affirmative defense or other right* which, if timely pursued, could serve to terminate the litigation, coupled with active participation in the litigation process, *constitutes waiver as a matter of law.*

*Id.* (emphasis added).

¶12. In the present matter, there is uncertainty as to when the plaintiffs' claim for intentional infliction of emotional distress was raised. The plaintiffs' original complaint states that the defendant's actions constitute "a negligent infliction of emotional distress." The complaint does not mention intentional infliction of emotional distress. The defendant stated in its answer that "[t]he plaintiffs' claims, to the extent any are stated, may be barred by statutes of limitations."

¶13. In a written response to Fluor Daniel's motion for summary judgment in *Jones I*, the plaintiffs stated that they had demonstrated "a viable cause of action on a theory of infliction of emotional distress." Their argument is based on two cases which directly address *intentional* infliction of emotional distress.[1] At the hearing on the motion for summary judgment in *Jones I*, the plaintiffs' counsel referred to the claims as "intentional infliction of emotional distress." The trial court's order granting summary judgment in *Jones I* described the cause of action as "tortious infliction of emotional distress."

¶14. The plaintiffs' brief in *Jones I* refers to its emotional-distress claim as simply "infliction of emotional distress." However, Fluor Daniel's brief in *Jones I* refers to the

---

[1] *Lee v. Golden Triangle Planning and Dev. Dist., Inc.*, 797 So. 2d 845 (Miss. 2001); *Brown v. Intercity Fed. Bank for Sav.*, 738 So. 2d 262 (Miss. Ct. App. 1999).

6

plaintiffs' claim as "intentional infliction of emotional distress," and was filed with this Court on September 9, 2006. This Court subsequently ruled that the plaintiffs' intentional-infliction-of-emotional-distress claims should survive summary judgment. *Jones I*, 959 So. 2d at 1049. *Jones I* was handed down on June 21, 2007.

¶15. The litigation, of course, was stayed until this Court handed down its ruling that the plaintiffs' intentional-infliction-of-emotional-distress claim was still viable on June 21, 2007. Fluor Daniel filed its motion for summary judgment on its statute-of-limitations defense on January 22, 2008 – some seven months later. While this Court ruled, in *Horton*, that an unjustified eight-month delay in pursuing a defense, coupled with participation in the litigation, is unreasonable and constitutes waiver of that defense as a matter of law, we deferred to the trial court on a case-by-case basis findings of fact as to what constitutes an unreasonable delay for any time less than eight months.

¶16. In the present matter, the trial court granted summary judgment and communicated this through a letter to the counsel of record. Two days later, the plaintiffs filed a motion for findings of fact and conclusions of law "on the issue of the waiver of affirmative defense of statue of limitations." In its opinion and order, the trial court ruled that "the defendant has not waived [the statute-of-limitations] defense," but did not expound further on this issue.

¶17. It cannot be said that the trial court abused the discretion given to it by this Court in *Horton* by ruling the defendant had not waived the statute of limitations defense – particularly in light of plaintiffs' failure to state their claim clearly. Therefore, the trial court is affirmed as to this issue.

**II.**

7

¶18. The plaintiffs assert that the trial court erred in applying a one-year statute of limitations to an intentional-infliction-of-emotional-distress claim, and that a three-year statute of limitations applies to a claim for intentional infliction of emotional distress. This Court has been inconsistent in its rulings on whether an intentional-infliction-of-emotional-distress claim is subject to a one-year statute of limitations under Mississippi Code Section 15-1-35, which specifically enumerates certain torts which carry a one-year statute of limitations. The statute reads as follows:

> All actions for assault, assault and battery, maiming, false imprisonment, malicious arrest, or menace, and all actions for slanderous words concerning the person or title, for failure to employ, and for libels, shall be commenced within one (1) year next after the cause of such action accrued, and not after.

Miss. Code Ann. § 15-1-35 (Rev. 2003).

¶19. This Court has said, "intentional and/or negligent infliction of emotional distress claims are governed by the three-year statute of limitations." *Norman v. Bucklew*, 684 So. 2d 1246, 1256 (Miss. 1996). In *Norman*, intentional and negligent infliction of emotional distress are lumped together, and no authority is cited for this proposition.

¶20. On the other hand, this Court also has held that intentional infliction of emotional distress is subject to the one-year statute of limitations under Mississippi Code Section 15-1-35. *Pierce v. Cook*, 992 So. 2d 612, 618 (Miss. 2008) (citing *Slaydon v. Hansford*, 830 So. 2d 686, 689 (Miss. Ct. App. 2002)). Again, we stated "[t]he claim for intentional infliction of emotional distress is subject to a one-year statute of limitations under Mississippi Code Annotated Section 15-1-35 (Rev. 2003)." *CitiFinancial Mortgage Co., Inc. v. Washington*, 967 So. 2d 16, 19 (Miss. 2007) (citing *Southern v. Miss. State Hosp.*, 853 So.

8

2d 1212, 1214 (Miss. 2003)). The *Pierce* analysis centered around whether the tort at issue constituted a continuing tort, and no binding authority was cited for the proposition that intentional-infliction-of-emotional-distress claims are subject to a one-year statute of limitations. To further complicate things, the *Southern* case cited by the *Washington* Court does not analyze the statute of limitations for intentional infliction of emotional distress, but rather the statute of limitations under the Mississippi Tort Claims Act.

¶21.    We opened the door for ambiguity in *Dennis v. Traveler's Insurance Co*., 234 So. 2d 624 (Miss. 1970), in which this Court held that the one-year statute of limitations found in Mississippi Code Section 15-1-35 applied to an action for  "willful, malicious, and irresponsible . . . threat of criminal prosecution . . . .to enforce a purported civil debt." The case involved an insurance company sending a letter threatening legal action if the plaintiffs did not pay for damage caused by their son's vandalism. The Court held that the letter fell within the purview of that statute under the category of "menace," noting that the term "menace" meant threat. Since the letter written by the defendant was threatening, it fell within the category of menace, and therefore the one-year statute of limitations found in Section 15-1-35 applied.

¶22.    This Court has "consistently held in many cases . . . that where a statute enumerates and specifies the subject of things upon which it is to operate, it is to be construed as excluding from its effect all those not expressly mentioned or under a general clause, those not *of like kind or classification* as those enumerated." *S. W. Drug Com. v. Howard Bros Pharmacy of Jackson, Inc.*, 320 So. 2d 776, 779 (Miss.1975) (emphasis added). In defining "of like kind or classification" with regard to Section 15-1-35, this Court has held, "the fact

9

that wrongful conduct is alleged to be intentional does not determine which statute controls. *Dennis* means no more than that the absence of a label is, similarly, not controlling." *Nichols v. Tri-State Brick and Tile Co., Inc.*, 608 So. 2d 324, 333 (Miss. 1992). We further stated, "[w]here . . . the conduct alleged may be *fairly categorized* as one of the enumerated torts, the one-year statute applies. Otherwise, it does not." *Id.* In *Nichols*, we held that the plaintiff's claims were not time-barred by Section 15-1-35 because its claims were not "*fairly embodied* in any of the causes there enumerated." *Id.* (emphasis added).

¶23. The *Norman* case creates most of the confusion in our precedent as to which statute of limitations applies. As stated above, the *Norman* Court held that, "intentional and/or negligent infliction of emotional distress claims are governed by the three-year statute of limitations." *Norman*, 684 So. 2d at 1256. This Court agrees with the analysis by the Southern District of Mississippi, which pointed out that

> the *Norman* Court did not distinguish between the negligent and intentional infliction of emotional distress torts and instead lumped both together into the category of claims for 'emotional distress' damages . . . [and] did not acknowledge, much less address and reject all of this substantial precedent on the issue of the statute of limitations applicable to claims for intentional infliction of emotional distress.

*Hervey v. MetLife Gen. Ins. Corp. System Agency of Miss., Inc.*, 154 F. Supp. 2d 909, 915 (S.D. Miss. 2001) (quoting *Hervey v. Metlife Gen. Ins. Corp.*, 147 F. Supp. 2d 517 (S.D. Miss. 2001)).

¶24. We, like the *Hervey* Court, are convinced that this Court would not have approached the statute of limitations for intentional infliction of emotional distress "in so cavalier a manner, with nothing more than an oblique reference, unaccompanied by explanation." *Id.*

10

at 917. Therefore, we conclude that the reference in *Norman* "was unintentional, and that consistent with all other authorities which predated and postdated *Norman,* the one-year limitations period applies."*Id*.

¶25. We also find the Fifth Circuit's analysis in *King v. Otasco, Inc.*, 861 F. 2d 438 (5th Cir. 1988), to be persuasive. There, the court said, "although not explicitly listed in the one-year statute," the plaintiff's claims for intentional infliction of emotional distress and outrageous conduct were "undoubtedly intentional torts, and *so closely analogous to the common law actions for assault, libel, and slanderous words that they too must fall within the statute's bar*." *Id.* at 442 (emphasis added).

¶26. Intentional infliction of emotional distress is a tort against the person, as are the vast majority of those specifically enumerated in Section 15-1-35 of the Mississippi Code. Miss. Code Ann. § 15-1-35 (Rev. 2003). Therefore, under *Nichols,* a cause of action for intentional infliction of emotional distress is "fairly embodied" in the causes of action included in Mississippi Code Section 15-1-35. Based on the prior analysis, we hold that the tort of intentional infliction of emotional distress is *of like kind or classification* as the torts enumerated in Section 15-1-35, as required by *Southwest Drug Company,* and it too carries a one-year statute of limitations. To the extent the *Norman* case holds otherwise, it is expressly overruled.

¶27. In light of this holding, the plaintiffs' claims are barred by the one-year statute of limitations found in Mississippi Code Section 15-1-35. Therefore, trial court is affirmed as to this issue.

11

**III.**

¶28.    *Jones I* was handed down on June 21, 2007, and this matter was remanded to the trial court,  after which Fluor Daniel filed an amended answer in January 2008. The plaintiffs complain that the trial court erred in allowing the defendant to file its amended answer approximately four years late.

¶29.    This Court has found, in part through the comment to the rule, that amended pleadings have been liberally permitted throughout Mississippi's legal history. *See*  Miss. R. Civ. P. 15(a) cmt.; *Moeller v. Am. Guar. and Liab. Ins. Co.,* 812 So. 2d 953, 962 (Miss. 2002); *Beverly v. Powers,* 666 So. 2d 806, 809 (Miss. 1995); *Webb v. Braswell*, 930 So. 2d 387 (Miss. 2006). The grant or denial of a motion for leave to amend is within the sound discretion of the trial court. *MBF Corp. v. Century Bus. Commc'ns, Inc.,* 663 So. 2d 595, 600 (Miss. 1995); *Frank v. Dore,* 635 So. 2d 1369, 1375 (Miss. 1994). While the trial court has discretion to allow an amendment and should do so freely under the proper circumstances, an amendment should not be granted when it would prejudice the other party. *Hester v. Bandy,* 627 So. 2d 833, 839 (Miss. 1993).  Thus, in the matter before us today, we may reverse the trial court's grant of Fluor Daniel's motion to amend its answer only upon finding abuse of discretion by the trial court. Otherwise, the trial court's grant of this motion to amend must remain undisturbed.

¶30.    The plaintiffs are incorrect in their assertion that Fluor Daniel must show excusable neglect under Rule 6 of the Mississippi Rules of Civil Procedure. The correct rule governing amendments to pleadings is Rule 15, which is titled "Amended and Supplemental Pleadings."

12

The situation before us is similar to that dealt with by this Court previously in *City of Jackson v. Presley*, 942 So. 2d 777 (Miss. 2006). The Court then also analyzed an amended answer that was filed four years late and found that the trial judge had erred in granting Presley's motion to strike the amended answer.

¶31.    In *Presley*, the city had filed its original answer and affirmative defenses on June 28, 1999. Presley, as the plaintiff, filed her amended complaint on June 27, 2000. The city did not file an amended answer until August 5, 2004, more than four years later.  This Court reviewed the original and amended complaints and noted that the original complaint and the amended complaint were identical, except for one sentence which was added to the amended complaint. The sentence said, verbatim, "Additionally, Presley has incurred property damage as a proximate result of Morton's negligence and the resulting accident." This Court noted that the untimely-filed answer and affirmative defenses to the amended complaint also virtually mirrored its timely-filed responsive pleading to the original complaint. However, the city did add three additional affirmative defenses. The added defenses were res judicata, accord and satisfaction, and setoff or credit for sums Presley had received in the settlement of the first lawsuit. The Court found it important that, as of the date of the trial, while the city's answer (and affirmative defenses) to the amended complaint unquestionably were filed more than four years late, a default judgment was never requested. This Court found that the defendant should have been allowed to maintain the defenses asserted in the amended answer.

¶32.   In the case *sub judice*, the plaintiffs added four more plaintiffs, with all their jurisdictional statements and prayers for relief, and also altered the service-of-process allegation for Fluor Daniel. These are the only differences between the first amended complaint and the second amended complaint, which is at the heart of this matter before us. A default judgment never was sought in this matter for the failure of Fluor Daniel to respond to the second amended complaint. Also, the plaintiffs can show no prejudice because Fluor Daniel pleaded the statute of limitations in its original answer.

¶33.   Because the plaintiffs can show no prejudice from the trial court's decision to allow Fluor Daniel to amend its answer, and the trial judge did not abuse his discretion in basing his ruling on **Presley**, we affirm the trial court's ruling as to this issue.

**IV.**

¶34.   Finally, the plaintiffs complain that the trial court allowed the defendants to propound initial discovery (interrogatories and requests for production) in January 2008 – more than four years after the litigation had commenced.  The plaintiffs claim they never before had been served a request for interrogatories and production of documents, and further assert that the defendants offered no justification for the delay.

¶35.   The plaintiffs filed a motion for a protective order with the trial court, which was denied as moot.  The order pointed out that the motion had been filed prior to the grant of summary judgment, and that accordingly "no trial would be necessary." The trial court then reasoned that the relief sought by the plaintiffs "is moot."  Therefore, this argument is without merit.

**CONCLUSION**

¶36. In conclusion, the trial court did not abuse its discretion in concluding that the defendant did not waive its statute-of-limitations defense. Furthermore, intentional infliction of emotional distress is *of like kind or classification* as the torts enumerated in Mississippi Code, Section 15-1-35, and is therefore barred by a one-year statute of limitations. The trial court did not abuse its discretion in allowing the defendant to file an untimely-amended answer, nor did it abuse its discretion in dismissing the plaintiffs' motion for a protective order as moot. Therefore, the trial court is affirmed on all issues.

¶37. **AFFIRMED.**

**WALLER, C. J., CARLSON, P.J., RANDOLPH, AND CHANDLER, JJ., CONCUR. DICKINSON, J., DISSENTS WITH SEPARATE WRITTEN OPINION JOINED BY LAMAR AND KITCHENS, JJ. KITCHENS, J., DISSENTS WITH SEPARATE WRITTEN OPINION JOINED BY GRAVES, P.J.; DICKINSON, J., JOINS IN PART.**

**DICKINSON, JUSTICE, DISSENTING**:

¶38. With great respect for my colleagues in the majority, I am compelled to record my view that the tort of intentional infliction of emotional distress clearly is not subject to the one-year statute of limitations imposed by Section 15-1-35 of the Mississippi Code – a code section which specifically lists the intentional torts to which it applies. Miss. Code Ann. § 15-1-35 (Rev. 2003). Because the statute's list does not include the tort, and because this Court consistently has held that statutes of limitations are to be strictly construed, I must respectfully dissent.

¶39. It should not be surprising that I turn first to the statute's language. Section 15-1-35 reads as follows:

> All actions for assault, assault and battery, maiming, false imprisonment, malicious arrest, or menace, and all actions for slanderous words concerning the person or title, for failure to employ, and for libels, shall be commenced within one (1) year next after the cause of such action accrued, and not after.

Miss. Code Ann. § 15-1-35 (Rev. 2003). It requires no analysis or particular legal insight to observe that the tort of intentional infliction of emotional distress is not included in the language chosen by the Legislature. Thus, the statute itself provides no support for the majority's holding.

¶40. While meager authority does exist for the majority's position, this Court's precedent for the reverse proposition enjoys far more support. For instance, this Court previously has stated that "intentional and/or negligent infliction of emotional distress claims are governed by the three-year statute of limitations." *Norman v. Bucklew*, 684 So. 2d 1246, 1248 (Miss. 1996). And in *Nichols v. Tri-State Brick and Tile Co., Inc.,* 608 So. 2d 324 (Miss. 1992), this Court held that the plaintiff's claims were "not time barred by application of § 15-1-35 because its claims are not fairly embodied in any of the causes there enumerated," and further stated that "[e]ven a casual reading of the statute leads inescapably to the conclusion that it does not cover, and was not intended to cover, all intentional tortious conduct." *Nichols*, 608 So. 2d at 332-333. The *Nichols* Court further asserted, "[w]e will not squeeze all intentional wrongs into the actions enumerated," and pointed out that:

> [t]his Court has 'consistently held in many cases . . . that where a statute enumerates and specifies the subject of things upon which it is to operate, it is

16

to be construed as *excluding from its effect all those not expressly mentioned or under a general clause, those not of like kind or classification as those enumerated.*'

*Id.* (quoting *Sw. Drug Co. v. Howard Bros. Pharmacy of Jackson, Inc.*, 320 So. 2d 776, 669 (Miss. 1975)) (emphasis added).

¶41.    As the majority notes, this Court has been inconsistent in its rulings on whether intentional-infliction-of-emotional-distress claims are subject to a one-year statute of limitations under Mississippi Code Section 15-1-35. In support of its view, the majority cites three cases: *Southern v. Miss. State Hosp.*, 853 So. 2d 1212, 1214 (Miss. 2003); *Pierce v. Cook*, 992 So. 2d 612 (Miss. 2008); *Citifinancial Mortg. Co., Inc. v. Washington*, 967 So. 2d 16, 19 (Miss. 2007). Maj. Op. at ¶ 20. As easily can be seen, these cases enjoy far more prestige in the majority's analysis than their respective holdings suggest they should.

¶42.    In *Southern*, this Court said nothing about whether Section 15-1-35's one-year statute of limitations applied to a claim of intentional infliction of emotional distress. Instead, the *Southern* Court analyzed the plaintiff's intentional-infliction-of-emotional-distress claim pursuant to the Mississippi Tort Claims Act's one-year statute of limitations. *Southern*, 853 So. 2d at 1214-16. Thus, *Southern* provides *no* authority for the majority's proposition.

¶43.    In *Pierce***,** this Court analyzed the underlying tort which gave rise to the claim of intentional infliction of emotional distress as an intentional tort. While the Court did, in dicta, indicate that the statute of limitations for claims of intentional infliction of emotional distress was one year, the analysis was based on whether the tort at issue was a continuing tort. Furthermore, the majority in *Pierce* cited no authority whatsoever from this Court for

17

the proposition that claims of intentional infliction of emotional distress are subject to a one-year statute of limitations. ***Pierce***, 992 So. 2d at 618-20.

¶44.    Finally, in ***Washington***, the Court incorrectly cited ***Southern*** for the proposition that intentional-infliction-of-emotional-distress claims are subject to a one-year statute of limitation under Section 15-1-35. ***Washington***, 967 So. 2d at 19. As previously stated, the ***Southern*** Court analyzed the limitations period under the Mississippi Tort Claims Act, rather than Section 15-1-35.[2]

¶45.    In order to scrap together support for its weak position, the majority cites nonbinding federal interpretation.  Even so, there are federal cases going both ways.  *See, e.g.* ***Hubbard v. Miss. Conference of United Methodist Church***, 138 F. Supp. 2d 780 (S.D. Miss. 2001), dismissed, 31 Fed. Appx. 153 (5th Cir. 2001).

¶46.    The confusion as to whether Section 15-1-35 applies to claims of intentional infliction of emotional distress stems from this Court's opinion in ***City of Mound Bayou v. Johnson***, 562 So. 2d. 1212, 1217 (Miss. 1990), in which this Court held:

> Our cases suggest the statute's force is not limited to the eight torts labeled therein. ***Bush v. City of Laurel***, 234 Miss. 93, 103, 105 So. 2d 562, 566 (1958) says the statute includes torts "of the type enumerated" in the statute. ***Dennis v. Travelers Insurance Co.***, 234 So. 2d 624, 626 (Miss.1970) is more expansive, holding that the statute "provides an inclusive listing of the recognized intentional torts." ***Southern Land & Resources Co., Inc. v. Dobbs***, 467 So.2d 652, 654 (Miss.1985) repeats the point. If this be so, the

---

[2]The Court in ***Washington*** pin-cited language from ***Southern*** that was quoted directly from the *trial court's order* for the proposition that intentional-infliction-of emotional-distress claims were subject to a one-year statute of limitations pursuant to Section 15-1-35, and *not* language from this Court's analysis.  ***Washington***, 967 So. 2d at 19; ***Southern***, 853 So. 2d at 1214.

18

proscription of the statute necessarily extends beyond the tort labels specifically appearing, for but a moment's reflection calls to mind any number of intentional tort actions recognized in Mississippi law which are not enumerated as such in Section 15-1-35. . . . The better view is that statute extends to all actions substantially like unto the enumerated eight and for which no specific statute has been provided.

However, as was true in *Washington*, the position asserted by this Court in its curious opinion in *City of Mound Bayou* was wholly unsupported by the cases cited therein. In fact, quite the opposite is true.

¶47.   In *Bush*, the Court stated:  "A casual reading of Code Section 732, supra, readily reveals that the present action of the appellants is *not* of the type enumerated in said Code section and that said Code section is, therefore, *not applicable*."  *Bush*, 234 Miss. 93, 103, 105 So. 2d 562, 566 (1958) (emphasis added).  The *Dennis* Court found that the claim at issue in that matter was "menace," although not labeled as such in the complaint, and was therefore subject to a one-year statute of limitations because menace is one of the enumerated torts in Section 15-1-35.  *Dennis*, 234 So. 2d at 626-627.

¶48.   Finally, the *Southern Land & Resources* Court held the precise opposite of what the *City of Mound Bayou* Court claimed it held.  The *Southern Land & Resources* Court said: "From a review of the legislative history it is apparent that the policy of providing a one-year statute of limitations for *listed* intentional torts. . . . has been perpetuated in this state."  *S. Land & Res.,* 467 So. 2d at 655.  The Court went on to hold that Section 15-1-35 did not apply to an action for damages for wrongful foreclosure, but rather the six-year "catch-all" limitations period found in Mississippi Code Section 15-1-49 applied.  *Id.*

19

¶49. To reach this conclusion, the majority seizes upon the "of like kind or classification" language found in **Southwest Drug Company** and quoted in **Nichols,** while ignoring the preceding "under a general clause" requirement. The majority's attempt to construe the intentional-infliction-of-emotional-distress claim as one "fairly embodied" in Section 15-1-35 offends the century-old rule that, when a statute "is plain and unambiguous . . . [i]t is not within the province of this [C]ourt to add to the law as the Legislature has written it." *City of Hazlehurst v. Mayes*, 96 Miss. 656, 51 So. 890, 891 (1910). What is plain and unambiguous from a reading of Section 15-1-35 is that intentional infliction of emotional distress is simply not included.

¶50. For that reason stated herein, I respectfully dissent.

**LAMAR AND KITCHENS, JJ., JOIN THIS OPINION**.

**KITCHENS, JUSTICE, DISSENTING:**

¶51. I fully concur with Justice Dickinson's well-reasoned dissent. The torts to which a one-year statute of limitations applies are specifically designated by state statute, and intentional infliction of emotional distress is not one of them. Miss. Code Ann. § 15-1-35 (Rev. 2003). In order to add intentional infliction of emotional distress to the statute's list, it was necessary for the majority to apply non-binding federal case law.

¶52. However, even if a one-year statute of limitations applied, this defense was waived; it cannot be credibly argued that Fluor Daniel did not know the plaintiffs were raising an intentional infliction of emotional distress claim until this Court rendered its opinion. Although the complaint was inartfully drafted, this claim was squarely at issue and

20

thoroughly argued on the defendant's first motion for summary judgment. In their response to the first motion for summary judgment, filed December 14, 2004, the plaintiffs argued that they had "demonstrated a viable cause of action on a theory of infliction of emotional distress," and cited two cases which directly address intentional infliction of emotional distress claims, *Lee v. Golden Triangle Planning and Development District, Inc.*, 797 So. 2d 845 (Miss. 2001), and *Brown v. Intercity Federal Bank for Saving*, 738 So. 2d 262 (Miss. Ct. App. 1999). At the summary judgment hearing, the attorney for the plaintiffs specifically argued that they were pursing a claim for "intentional infliction of emotional distress," and there was no objection from Fluor Daniel on this point. The order granting summary judgment refers to "tortious infliction of emotional distress," and cites *Pegues v. Emerson Electric Company*, 913 F. Supp. 976, 982 (N.D. Miss. 1996), a case defining intentional infliction of emotional distress. Notably, this order was drafted by Fluor Daniel's attorney.

¶53. Therefore, the record indicates that Fluor Daniel was fully aware that the plaintiffs were asserting a claim for intentional infliction of emotional distress, and at no point did Fluor Daniel object. Even when the case was here on the first appeal, one of the issues Fluor Daniel argued in its brief was "whether the circuit court properly granted FDSC summary judgment on the plaintiffs' claims for *intentional infliction of emotional distress*." Again, Fluor Daniel never argued that it was unaware of such a claim, even in its second motion for summary judgment, and it has raised the issue for the first time in the second appeal to this Court. It is disingenuous, at best, for Fluor Daniel now to claim that intentional infliction of

21

emotional distress did not emerge as a claim until June 21, 2007, the date this Court issued its opinion in the first appeal.

¶54. Under Mississippi Rule of Civil Procedure 15(b), a complaint is amended to add a claim by implied consent of the parties, if the plaintiff raises the claim in response to a motion for summary judgment, and the trial judge decides the issue on summary judgment without an objection from the defendant. *Prestwood v. Cook*, 658 So. 2d 859, 861-62 (Miss. 1995). This is precisely what occurred in the instant case; and by failing to object to the intentional infliction of emotional distress claim, Fluor Daniel implicitly consented to litigation of this issue. Therefore, this claim was fully apparent to all parties and the trial court by, at the latest, December 14, 2004, the date the plaintiffs filed their response to Fluor Daniel's first motion for summary judgment. It was not until three years later, on January 22, 2008, that the defendant raised the one-year statute of limitations issue for the first time. Given the protracted delay in raising this affirmative defense, and Fluor Daniel's active participation in the litigation, Fluor Daniel acquiesced in the litigation of this issue and waived the statute of limitations defense (assuming, *arguendo*, that the one-year statute of limitations even applies). *Miss. Credit Center, Inc. v. Horton*, 926 So. 2d 167, 181 (Miss. 2006).

¶55. Yet, even if it could be legitimately argued that the defendant was first put on notice of the intentional infliction of emotional distress claim on June 21, 2007, Fluor Daniel still waited too long to raise the statute of limitations defense. In *Horton*, 926 So. 2d at 181, this Court held that an eight-month delay was too long:

22

[A]bsent extreme and unusual circumstances[,] an eight month unjustified delay in the assertion and pursuit of any affirmative defense or other right which, if timely pursued, could serve to terminate the litigation, coupled with active participation in the litigation process, constitutes waiver as a matter of law.

The majority makes no attempt to distinguish *Horton* from the present case or to explain why a seven-month delay is any different from an eight-month delay when it comes to asserting an affirmative defense.

¶56.    Thus, while I agree with Justice Dickinson that the statute of limitations for intentional infliction of emotional distress is three years, I also find Fluor Daniel waived this defense by waiting so long to raise the issue.  For these reasons, I respectfully dissent.

**GRAVES, P.J., JOINS THIS OPINION.   DICKINSON, J., JOINS THIS OPINION IN PART.**

23