DICKINSON,
Justice, Dissenting.
¶ 38. With great respect for my colleagues in the majority, I am compelled to record my view that the tort of intentional infliction of emotional distress clearly is not subject to the one-year statute of limitations imposed by Section 15-1-35 of the Mississippi Code-a code section which specifically lists the intentional torts to which it applies. Miss.Code Ann. § 15-1-35 (Rev.2003). Because the statute’s list does not include the tort, and because this Court consistently has held that statutes of limitations are to be strictly construed, I must respectfully dissent.
¶ 39. It should not be surprising that I turn first to the statute’s language. Section 15-1-35 reads as follows:
All actions for assault, assault and battery, maiming, false imprisonment, malicious arrest, or menace, and all actions for slanderous words concerning the person or title, for failure to employ, and for libels, shall be commenced within *426 one (1) year next after the cause of such action accrued, and not after.
Miss.Code Ann. § 15-1-35 (Rev.2003). It requires no analysis or particular legal insight to observe that the tort of intentional infliction of emotional distress is not included in the language chosen by the Legislature. Thus, the statute itself provides no support for the majority’s holding.
¶ 40. While meager authority does exist for the majority’s position, this Court’s precedent for the reverse proposition enjoys far more support. For instance, this Court previously has stated that “intentional and/or negligent infliction of emotional distress claims are governed by the three-year statute of limitations.” Norman v. Bucklew, 684 So.2d 1246, 1248 (Miss.1996). And in Nichols v. Tri-State Brick and Tile Co., Inc., 608 So.2d 324 (Miss.1992), this Court held that the plaintiffs claims were “not time barred by application of § 15-1-35 because its claims are not fairly embodied in any of the causes there enumerated,” and further stated that “[ejven a casual reading of the statute leads inescapably to the conclusion that it does not cover, and was not intended to cover, all intentional tortious conduct.” Nichols, 608 So.2d at 332-333. The Nichols Court further asserted, “[w]e will not squeeze all intentional wrongs into the actions enumerated,” and pointed out that:
[t]his Court has ‘consistently held in many cases ... that where a statute enumerates and specifies the subject of things upon which it is to operate, it is to be construed as excluding from its effect all those not expressly mentioned or under a general clause, those not of like kind or classification as those enumerated.’
Id. (quoting Sw. Drag Co. v. Howard Bros. Pharmacy of Jackson, Inc., 320 So.2d 776, 779 (Miss.1975)) (emphasis added).
¶ 41. As the majority notes, this Court has been inconsistent in its rulings on whether intentional-infliction-of-emotional-distress claims are subject to a one-year statute of limitations under Mississippi Code Section 15-1-35. In support of its view, the majority cites three cases: Southern v. Miss. State Hosp., 853 So.2d 1212, 1214 (Miss.2003); Pierce v. Cook, 992 So.2d 612 (Miss.2008); CitiFinancial Mortg. Co., Inc. v. Washington, 967 So.2d 16, 19 (Miss.2007). Maj. Op. at ¶ 20. As easily can be seen, these cases enjoy far more prestige in the majority’s analysis than their respective holdings suggest they should.
¶ 42. In Southern, this Court said nothing about whether Section 15-1-35’s one-year statute of limitations applied to a claim of intentional infliction of emotional distress. Instead, the Southern Court analyzed the plaintiffs intentional-infliction-of-emotional-distress claim pursuant to the Mississippi Tort Claims Act’s one-year statute of limitations. Southern, 853 So.2d at 1214-16. Thus, Southern provides no authority for the majority’s proposition.
¶ 43. In Pierce, this Court analyzed the underlying tort which gave rise to the claim of intentional infliction of emotional distress as an intentional tort. While the Court did, in dicta, indicate that the statute of limitations for claims of intentional infliction of emotional distress was one year, the analysis was based on whether the tort at issue was a continuing tort. Furthermore, the majority in Pierce cited no authority whatsoever from this Court for the proposition that claims of intentional infliction of emotional distress are subject to a one-year statute of limitations. Pierce, 992 So.2d at 618-20.
¶ 44. Finally, in Washington, the Court incorrectly cited Southern for the proposition that intentional-infliction-of-emotional-distress claims are subject to a one-year *427 statute of limitation under Section 15 — 1— 35. Washington, 967 So.2d at 19. As previously stated, the Southern Court analyzed the limitations period under the Mississippi Tort Claims Act, rather than Section 15-1-35.[2]
¶ 45. In order to scrap together support for its weak position, the majority cites nonbinding federal interpretation. Even so, there are federal cases going both ways. See, e.g. Hubbard v. Miss. Conference of United Methodist Church, 138 F.Supp.2d 780 (S.D.Miss.2001), dismissed, 31 Fed.Appx. 153 (5th Cir.2001).
¶ 46. The confusion as to whether Section 15-1-35 applies to claims of intentional infliction of emotional distress stems from this Court’s opinion in City of Mound Bayou v. Johnson, 562 So.2d 1212, 1217 (Miss.1990), in which this Court held:
Our cases suggest the statute’s force is not limited to the eight torts labeled therein. Bush v. City of Laurel, 234 Miss. 93, 103, 105 So.2d 562, 566 (1958) says the statute includes torts “of the type enumerated” in the statute. Dennis v. Travelers Insurance Co., 234 So.2d 624, 626 (Miss.1970) is more expansive, holding that the statute “provides an inclusive listing of the recognized intentional torts.” Southern Land & Resources Co., Inc. v. Dobbs, 467 So.2d 652, 654 (Miss.1985) repeats the point. If this be so, the proscription of the statute necessarily extends beyond the tort labels specifically appearing, for but a moment’s reflection calls to mind any number of intentional tort actions recognized in Mississippi law which are not enumerated as such in Section 15-1-35.... The better view is that statute extends to all actions substantially like unto the enumerated eight and for which no specific statute has been provided.
However, as was true in Washington, the position asserted by this Court in its curious opinion in City of Mound Bayou was wholly unsupported by the cases cited therein. In fact, quite the opposite is true.
¶ 47. In Bush, the Court stated: “A casual reading of Code Section 732, supra, readily reveals that the present action of the appellants is not of the type enumerated in said Code section and that said Code section is, therefore, not applicable.” Bush, 234 Miss. 93, 103, 105 So.2d 562, 566 (1958) (emphasis added). The Dennis Court found that the claim at issue in that matter was “menace,” although not labeled as such in the complaint, and was therefore subject to a one-year statute of limitations because menace is one of the enumerated torts in Section 15-1-35. Dennis, 234 So.2d at 626-627.
¶ 48. Finally, the Southern Land & Resources Court held the precise opposite of what the City of Mound Bayou Court claimed it held. The Southern Land & Resources Court said: “From a review of the legislative history it is apparent that the policy of providing a one-year statute of limitations for listed intentional torts .... has been perpetuated in this state.” S. Land & Res., 467 So.2d at 655. The Court went on to hold that Section 15-1-35 did not apply to an action for damages for wrongful foreclosure, but rather the six-year “catch-all” limitations period found in Mississippi Code Section 15-1-49 applied. Id.
¶ 49. To reach this conclusion, the majority seizes upon the “of like kind or *428 classification” language found in Southwest Drug Company and quoted in Nichols, while ignoring the preceding “under a general clause” requirement. The majority’s attempt to construe the intentional-infliction-of-emotional-distress claim as one “fairly embodied” in Section 15-1-35 offends the century-old rule that, when a statute “is plain and unambiguous ... [i]t is not within the province of this [CJourt to add to the law as the Legislature has written it.” City of Hazlehurst v. Mayes, 96 Miss. 656, 51 So. 890, 891 (1910). What is plain and unambiguous from a reading of Section 15-1-35 is that intentional infliction of emotional distress is simply not included.
¶ 50. For that reason stated herein, I respectfully dissent.
LAMAR AND KITCHENS, JJ., JOIN THIS OPINION.

. The Court in Washington pin-cited language from Southern that was quoted directly from the trial court’s order for the proposition that intentional-infliction-of-emotional-distress claims were subject to a one-year statute of limitations pursuant to Section 15-1-35, and not language from this Court's analysis. Washington, 967 So.2d at 19; Southern, 853 So.2d at 1214.